## THIRD AMENDMENT TO
## THE SHARON M. Y. YOUNG
## REVOCABLE LIVING TRUST AGREEMENT

This Amendment is made this 16th day of June, 2004 and is between SHARON MARIE YOUNG, also known as SHARON M. Y. YOUNG, of Honolulu, Hawaii (the "SETTLOR"), and SHARON MARIE YOUNG, also known as SHARON M. Y. YOUNG, TRUSTEE OF THE SHARON M. Y. YOUNG REVOCABLE LIVING TRUST AGREEMENT, dated April 28, 1995 as amended by instruments dated March 9, 2002 and June 15, 2004 (the "TRUSTEE").

SETTLOR and TRUSTEE desire to further amend the SHARON M. Y. YOUNG REVOCABLE LIVING TRUST AGREEMENT dated April 28, 1995 as amended by instruments dated March 9, 2002 and June 15, 2004 (the "TRUST") and hereby agree that the TRUST is amended as follows:

1. Paragraph 4.01 of ARTICLE IV is deleted in its entirety and replaced with the following:

**4.01 IF DESCENDANTS SURVIVE:** If the Settlor is survived by any of the Settlor's descendants, then at the Settlor's death
   [1]   the Trustee shall pay the cash sum of twenty thousand dollars ($20,000.00) to RUEY JANE RYBURN, 3649 Nihi Place, Honolulu, Hawaii 96816, outright and free of any trust;
   [2]   the Trustee shall pay the cash sum of twenty thousand dollars ($20,000.00) to ANSARA (ELSIE) SAYERS, P.O. Box 1267 Clotsbain, Oregon 97011, outright and free of any trust;
   [3]   the Trustee shall pay the cash sum of twenty thousand dollars ($20,000.00) to JOHN CHAMBERLIN, P.O. Box 995, Southport, BC Queensland, Australia 4215, outright and free of any trust;
   [4]   the Trustee shall pay the cash sum of four hundred twenty five thousand dollars ($425,000.00) to the HAWAII SAT SANG SOCIETY BUILDING FUND aka Eckankar;
   [5]   if each living child of the Settlor has attained the age of forty-five(45) years at the time of the Settlor's death or if none of the Settlor's children survives the Settlor, the Trustee shall distribute the entire residue of the trust estate (but only after the foregoing distributions have been made), free and clear of any trust, among the settlor's descendants living at the time of Settlor's death, per stirpes (by right of representation);
   [6]   if any living child of the Settlor has not attained the age of forty-five(45) years at the time of the Settlor's death, the Trustee shall hold and administer the residuary trust estate under Article V hereinbelow.

2. Paragraph 8.02 of Article VIII is deleted and replaced with the following:

**8.02 REMOVAL:**   During the Settlor's competent lifetime, the Settlor may remove any trustee by delivering written notice to the Trustee. Thereafter the Trustee may only be removed for cause.

3. Paragraph 15.01 of Article XV as amended is deleted and replaced with the following;

**15.01 NO CONTEST CLAUSE:**   Each beneficiary under this Trust or under the Settlor's Will, and each heir at law and any person claiming under any of them, who contests

Plaintiff's Exhibit 11

or seeks to declare this Trust or the Settlor's Will invalid in whole or in part or joins with anyone in attempting to do any such things is hereinafter referred to as a "contestant." The Settlor hereby revokes every gift or other benefit given by this Trust to each person who is or has been a contestant and the Settlor hereby expressly and wholly disinherits each heir-at-law of the Settlor who is or has been a contestant and any and all other property of the Settlor's estate which such contestant might be entitled to take and receive therefrom under this Trust or by any and all laws of intestate succession shall be invalid; and any share that such contestant would have taken hereunder or by way of intestate succession shall be distributed to Hawaii Sat Sang Society Building Fund aka Eckankar or if it is the contestant, than to the beneficiaries named in Article V of this Trust. Any contestant who brings an action or proceeding for the aforesaid purpose shall pay all of the expenses (including attorneys' fees and litigation expenses) of the Trustee incurred in defending the Trust from such action regardless of the outcome of the proceeding.

The TRUST as amended is otherwise confirmed and unamended.

IN WITNESS WHEREOF, the SETTLOR and TRUSTEE have executed this document on the date above first written.

*[handwritten annotation: SIGNED TWO DIFFERENT NAMES]*

_____
SHARON MARIE YOUNG also known as
SHARON M.Y. YOUNG
Settlor

_____
SHARON MARIE YOUNG also known as
SHARON M. Y. YOUNG
Trustee

_____
ROBERT G. CAMPBELL
Witness

STATE OF HAWAII            )
                           ) SS.
CITY AND COUNTY OF HONOLULU )

On this 16th day of June, 2004, before me personally appeared SHARON MARIE YOUNG, and ROBERT G. CAMPBELL, witness, to me known to be the person described in the foregoing instrument and the witness, and acknowledged that SHARON MARIE YOUNG executed the instrument as her free act and deed and acknowledged that ROBERT G. CAMPBELL as witness executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

Name: CHERYL R.L. KASTER
Notary Public, State of Hawaii

My commission expires: 4/24/05