IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK W.S. YOUNG, | ) | CIVIL NO. 09-00403 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING EMERGENCY |
| | ) | MOTION TO ENJOIN STATE |
| vs. | ) | PROBATE COURT PROCEEDINGS |
| | ) | |
| BISHOP ESTATE; et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING EMERGENCY MOTION TO
ENJOIN STATE PROBATE COURT PROCEEDINGS

I.      INTRODUCTION.

        This case arises out a trust established by Sharon Marie Yust Young ("Mother"), the mother of Plaintiff Mark W.S. Young ("Young"), who is an active Florida attorney in good standing.  Young alleges that, while Mother was in Hospice and on narcotics, Mother changed her $1.2 million trust to include gifts totaling $485,000 to religious groups and advisors.  See Complaint ¶¶ 37-38 (Aug. 26, 2009).

        Defendant Colleen Hirai, a state-court judge, appointed Defendant Robert Graham, an attorney with the law firm of Defendant Ashford & Wriston, to serve as the court's master to aid the state court in determining whether Mother had the capacity to change the beneficiary of the trust.  See Complaint ¶¶ 47, 60, 76.  Based on the exhibits attached to the Complaint, it appears that Young is unhappy with the rulings he is getting in the state court case.

Purporting to rule on statements from a book co-authored by a law professor and a senior United States district judge, Young alleges that a large land trust, Defendant Kamehameha Schools, fka Kamehameha Schools Bishop Estate, and its various trustees (who are also named as Defendants in their individual and trustee capacities), along with organized crime, had a corrupting influence on the Hawaii judiciary system. Complaint ¶¶ 24-32.  Young accuses Defendants of having engaged in a conspiracy to "rig the state court system to reach conclusions favorable to Bishop Estate Trustees." Id. ¶ 80.

Young accuses Judge Hirai, who was discussed in the book, of always acting to favor the land trust.  Although he does not explicitly allege in the Complaint that Judge Hirai has been issuing rulings adverse to him based on Judge Hirai's ties to the land trust, Young appears to be suggesting that.  Other than Young's speculation that the land trust and its trustees have been conspiring with the state judicial system in general, the Complaint is devoid of any specific conduct by the land trust or its trustees that is related to, much less harmed, Young.

The proceedings in the state court case, Case. No. T-05-1-0001, are ongoing.  In present motion, Young indicates that a status conference is scheduled for October 14, 2009.  See Emergency Motion to Stay State Court Proceedings at 3 (Oct. 2, 2009).  Young asks this court for an emergency stay of the state

court proceedings.  Id.  This court deems that request to be a motion for temporary restraining order, which the court denies without a hearing pursuant to Local Rule 7.2(d).

II.     STANDARD.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  G. v. State of Haw., Dep't of Human Servs., 2009 WL 2877597 (D. Haw. Sept. 4, 2009); Schoenlein v. Halawa Corr. Facility, 2008 WL 2437744 (D. Haw. June 13, 2008).

The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right."  Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008) (citing Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008)).  Courts balance the competing claims of injury and consider the effect on each party of granting or denying the injunction.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 129 S. Ct. 374; accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the

absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."). Even if a movant demonstrates a likelihood of success on the merits, the requested injunction will not issue when there is only a possibility of irreparable harm or when there is no possibility of irreparable harm. Winter, 129 S. Ct. 374-76; Sierra Forest Legacy, 577 F.3d at 1022.

III.   ANALYSIS.

Young argues that, under 28 U.S.C. § 2283, this court may enjoin the state court proceedings "where necessary in aid of its jurisdiction." Noting that a motion to dismiss this Complaint has been filed in this action based on the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37 (1971), Young asks this court to "aid" its jurisdiction by enjoining the state court proceedings. This court declines to stay the state court trust proceedings, as a stay would not "aid" this court's jurisdiction in any way.

Some Defendants argue that, under Younger, this court should abstain from addressing the present Complaint. Under Younger and its progeny, abstention is appropriate in favor of a state proceeding if: 1) the state proceedings are ongoing; 2) the proceedings implicate important state interests; and 3) the state proceedings provide an adequate opportunity to raise federal questions. Beltran v. California, 871 F.2d 777, 781 (9th Cir.

1988). A request by some Defendants that this court dismiss Young's complaint in favor of ongoing state-court proceedings does not justify a stay of the state-court proceedings.

From what this court can glean from the numerous allegations in the Complaint, Young is upset with the rulings he has received from the state court. Having read about the land trust in a book, Young alleges that Judge Hirai, the judge presiding over his case in state court, is corrupt and has been ruling against him because of her relationship with the land trust. These allegations, unsupported by actual evidence, do not demonstrate that Young has a likelihood of success on the merits of his claims. To the contrary, Young only baldly accuses Judge Hirai and a court-appointed master of intentional wrongdoing. If Young continues with the Complaint in this matter, Young must be prepared to satisfy the requirements of Rule 11(b) of the Federal Rules of Civil Procedure in making such serious allegations.

In any event, this court need not enjoin the state court case to adjudicate Young's Complaint, especially when there is nothing substantive presently scheduled before that court. At most, Young has indicated that a status conference is scheduled for October 14, 2009. Young has therefore failed to demonstrate that he is likely to suffer irreparable harm in the absence of the requested stay, that the balance of equities tips in his favor, or that the requested stay is in the public interest.

Balancing the Winter factors, this court concludes that Young is not entitled to a temporary restraining order that stays the proceedings in state court.

IV.     CONCLUSION.

For the reasons set forth above, this court denies Young's emergency motion to stay the ongoing trust proceedings in state court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 7, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Young v. Bishop Estate, et al.; Civil No. 09-00403 SOM/BMK; ORDER DENYING EMERGENCY MOTION TO ENJOIN STATE PROBATE COURT PROCEEDINGS