**Mark Young**

Fla. Bar 48822
4870 127th Trail N
West Palm Beach, FL 33411
lawace@gmail.com
561-719-1250
**PLAINTIFF PRO SE**

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | |
|---|---|
| **Mark W.S. Young**<br><br>**Plaintiff**<br><br>**VS.**<br><br>**Bishop Estate / Kamehameha Schools, Robert Bruce Graham, Ashford & Wriston, LLP, James Francis Vrechek, Corbett A.K. Kalama, Diane J. Plotts, J. Douglas Keauhou Ing, Nainoa Thompson, Robert K. U. Kihune, Jason Tani, Frank Kanemitsu, Ronald R. Sakamoto, Colleen K. Hirai, And John Does #1 To 100**<br><br>**Defendants.** | CIVIL NO. 09-00403 SOM-BMK<br><br>PLAINTIFF'S REPLY TO VARIOUS DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT; AND<br><br>CERTIFICATE OF SERVICE |

**<u>PLAINTIFF'S REPLY TO VARIOUS DEFENDANTS' MEMORANDUMS IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT</u>**

Plaintiff, Mark Young replies to various Defendants Memorandums In Opposition to First Amended Complaint in particular Docket 89 (Robert Bruce Graham), Docket 90 (Ronald Sakamoto), Docket 91 (Jason Tani), Docket 93 (Ashford & Wriston LLP), Docket 94 (James Francis Vrechek), Docket 95 (Frank Kanemitsu), and Docket 96 (Corbett A.K. Kalama and Douglas Keauhou Ing).

1.  To save the Court's time, Plaintiff consolidates the replies into one reply document.

2.  Plaintiff filed a motion [Docket 106] to voluntarily dismiss the following defendants: Bishop Estate / Kamehameha Schools, Robert Bruce Graham, Ashford &

Wriston, LLP, Corbett A.K. Kalama, Diane J. Plotts, J. Douglas Keauhou Ing, Nainoa Thompson, Robert K. U. Kihune, Ronald R. Sakamoto, and Colleen K. Hirai.

3.     Plaintiff's motion to voluntarily dismiss the above defendants, making response to those defendants' Memorandums moot.  In particular, a reply is no longer necessary for Docket 89 (Robert Bruce Graham), Docket 90 (Ronald Sakamoto), Docket 93 (Ashford & Wriston LLP), and Docket 96 (Corbett A.K. Kalama and Douglas Keauhou Ing).

| **Complaint (Original)** | **First Motion To Amend** | **Second Motion To Amend** |
|---|---|---|
| Count 1: Conspiracy In Restraint Of Trade | Count 1: RICO | Count 1: Common Law Fraud |
| Count 2: Theft Of Honest Services / Mail Fraud | Count 2: Negligence | Count 2: Common Law Abuse of Process |
| Count 3: RICO | Count 3: Gross Negligence | Count 3: Common Law Conversion |
| Count 4: 1983 Claim | Count 4: 1983 Claim | Count 4: Negligence |
| Count 5: Civil Conspiracy | Count 5: Civil Conspiracy | Count 5: Gross Negligence |
| | | Count 6: Punitive Damages. |

Plaintiff seeks leave of the Court to withdraw the claims for RICO, 1983 Claim, and Civil Conspiracy, so a reply on those counts is moot.  Presuming the Court's desires to simplify the case and allow Plaintiff to withdraw those claims dismiss various defendants.

Plaintiff's dispute is that Defendant Vrechek misappropriated funds from the Sharon Young Trust for his personal expenses and improperly administered the Sharon Young Trust at a loss in the years 2004, 2005, 2006, 2007, 2008, and 2009.  The attorneys for the Trust had a duty to report Vrechek's misconduct.  Instead of reporting Vrechek's misconduct, the attorneys from the Trust helped Vrechek to conceal the losses.  A prime example of this is when about $49,000 of the Trust assets disappeared, the Trust attorneys used their professional skills and credibility with the Probate Court to deny Plaintiff access to trust accounting records.  Damage to the Sharon Young Trust injures Plaintiff as a vested residual beneficiary.

State Probate Court is overwhelmed, all of the probate cases on Oahu go before one judge (about 80% of the population of the entire state), in addition to the judge's regular caseload.  [The statement is made with all due respect to the federal courts; the federal courts also have a heavy caseload]  The Probate Court's docket congestion encourages the Probate Court to rely upon the trust attorney's duty of candor and their compliance with *Hawaii Probate Rule 42* to report Trustee misconduct.  The Probate Court's system of reliance only works if the trust attorneys properly report trustee misconduct.  When trust attorneys do not report trustee misconduct, when the Probate system breaks down, there are due process issues.  A prime example is Attorney Tani argues that he is not subject to *Hawaii Probate Rule 42* because Tani represented Vrechek as an individual.  However, Attorney Kanemitsu represented to the Probate Court that Tani was Kanemitsu's co-counsel to justify paying Tani with Sharon Young Trust funds.

The Trust attorneys are legally required to ensure the trustee acts to benefit at least one beneficiary.  This did not happen with the Sharon Young Trust.  Plaintiff has a legitimate dispute and seeks justice from the Court against defendants Vrechek, Kanemitsu, and Tani.

For judicial efficiency, Plaintiff replies to Docket 94 and 97 (Vrechek), Docket 95 (Kanemitsu), and Docket 91 (Tani) in the same reply document.

## STANDARD OF REVIEW

Leave to amend should be freely given when justice so requires.  *Fed. R. Civ. P. 15(a)(2)*  Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct.  227, 230 (1962).

## COUNT 1: RICO

Plaintiff's reply to Vrechek, Kanemitsu, and Tani's arguments on RICO are moot because Plaintiff seeks to voluntarily withdraw this claim.  Tani's Memorandum exceeds the thirty page limit set in LR 7.5

## COUNT 2:  NEGLIGENCE

Vrechek does not address the negligence claim directly, instead Vrechek intends to dispute the Court's jurisdiction by defeating the federal claim.  Plaintiff is a citizen of Florida, all of the Defendants are citizens of Hawaii.  There is complete diversity.  The trust was worth about $1.2 million, Plaintiff in good faith believes Vrechek, Kanemitsu, and Tani caused damages to Plaintiff in excess of the jurisdictional limits of $75,000.  Applying the proper standard of review, Plaintiff should be allowed to pursue his Negligence claim against Vrechek.

Kanemitsu argues that he owes no duty to Plaintiff as a beneficiary of the Trust because there is no direct attorney-client relationship.  **Kanemitsu misrepresents significance the holding in *Blair v. Ing***, 95 Haw. 247, 21 P.3d 452 (Haw. 2001) claiming the case precludes Plaintiff's suit because there is no direct attorney-client relationship.  This is wrong; *Blair v. Ing* **establishes negligence liability for professionals without a direct client relationship to the plaintiff.**  *Blair v. Ing* involved legal and accounting malpractice for negligent estate planning, where the attorney/account made a mistake that cost the estate substantial taxes that could have been avoided with if the attorney/accountant had not been negligent.  The original estate planning client died and the beneficiaries brought suit.  The negligent attorney/accountant defended by arguing there was no direct attorney-client with the beneficiaries of the estate and therefore no liability.  The Hawaii Supreme Court disagreed and adopted a six factor balancing test to determine professional liability for negligence to a non-client plaintiff:  "(1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury; (5) the policy of preventing future harm; and (6) whether imposing liability placed an undue burden upon the legal profession."  Applying the proper standard of viewing all of Plaintiff's allegations as true and viewed in light most favorable to Plaintiff, the balancing factors favor Plaintiff and Plaintiff should be allowed to pursue his claim negligence claim against Kanemitsu.

Tani argues that he owes no duty to Plaintiff because he represented Vrechek as an individual.  Tani claims to be exempt from *Hawaii Probate Rule 42's* mandatory reporting because Tani represented Tani as an individual.  Tani accepted payment for

professional services from Sharon Young Trust funds.  Whether Tani could be liable would be done under the six factor *Blair v. Ing* balancing test.  It would not place an undue burden on the legal profession for an attorney who received funds from a trust to accountable to the trust's beneficiaries.  Since Tani was paid from the Sharon Young Trust, Tani is either owes a duty to the trust or can be sued for conversion of trust property.  Federal law allows Plaintiff to plead in the alternative.  Applying the proper standard of review, Plaintiff should be allowed to pursue his negligence claim against Tani.

### COUNT 3:  GROSS NEGLIGENCE

The arguments for gross negligence are principally the same as those for negligence.

### COUNT 4:  1983 CLAIM

Plaintiff does not sue Vrechek, Kanemitsu, or Tani under the 1983 Claim and Plaintiff seeks to dismiss Graham, so the 1983 Claim is moot.

### COUNT 5:  CIVIL CONSPIRACY

Plaintiff's reply to Vrechek, Kanemitsu, and Tani's arguments on Civil Conspiracy are moot because Plaintiff seeks to voluntarily withdraw this claim.

### YOUNGER DOCTRINE DOES NOT APPLY UNDER THE PROPER STANDARD OF REVIEW

**ISSUE:**  Whether the Younger doctrine does applies, where the Court must presume all of Plaintiff's allegations are true, but the parties have a factual dispute over two elements of the Younger Doctrine.  **RULE:** *Younger v. Harris*, 401 U.S. 37 (1971). *Beltran v. California*, 871, F.2d 777, 781 (9th Cir. 1988) articulates federal court abstention under *Younger* in favor of state proceeding if:  1) the state proceedings are ongoing, 2) the proceedings implicate important state interests, and 3) the state proceedings provide an adequate opportunity to raise federal questions.  The *Younger* doctrine requires all three elements.  **APPLICATION:**  Element 2: the state does not have an important state interest in helping a trustee misappropriate trust assets from a

trust or helping trust attorneys obscure records to hide trustee's misconduct.  Element 3: Plaintiff has been in the Probate Court since 2005 (5 years) and not been able to obtain due process, a federal question.  Plaintiff and Defendants have a factual dispute on whether elements 2 and 3 apply. Applying the proper standard of viewing factual disputes in the light most favorable to Plaintiff, elements 2 and 3 are presumed to favor Plaintiff.  **CONCLUSION:**  Younger doctrine does not apply and Plaintiff should be allowed to proceeding with his case.

## CONCLUSION

Applying the proper standard of review, Plaintiff should be able to dismiss the ten defendants and file an amended complaint as specified in Docket 106, in the interests of justice.

Dated:  West Palm Beach, FL  **January 7, 2010**

*/s/ Mark Young*
**MARK W.S. YOUNG**
PLAINTIFF PRO SE
*"Jus est ars boni et aequi"*
"Law is the science of what is good and just"