IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK W. S. YOUNG, | ) | Civ. No. 09-00403 SOM-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF'S FIRST MOTION TO |
| | ) | DISMISS TEN DEFENDANTS BE |
| BISHOP ESTATE / | ) | GRANTED IN PART AND |
| KAMEHAMEHA SCHOOLS, et al. | ) | DENIED IN PART; ORDER |
| | ) | DENYING PLAINTIFF'S SECOND |
| Defendants. | ) | MOTION TO FILE FIRST |
| _____ | ) | AMENDED COMPLAINT |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S
FIRST MOTION TO DISMISS TEN DEFENDANTS BE GRANTED IN PART
AND DENIED IN PART; ORDER DENYING PLAINTIFF'S SECOND
MOTION TO FILE FIRST AMENDED COMPLAINT

Before the Court is Plaintiff Mark W. S. Young's First Motion To

Dismiss Ten Defendants and Second Motion To File First Amended Complaint.

The Court heard this Motion on February 18, 2010.  After careful consideration of

the Motion, the supporting and opposing memoranda, and the arguments of

counsel, the Court finds and recommends that Plaintiff's Motion To Dismiss Ten

Defendants be GRANTED IN PART and DENIED IN PART.  The Court

recommends that dismissal of the ten defendants be with prejudice.  With respect

to Plaintiff's Second Motion To File First Amended Complaint, it is DENIED.

## PROCEDURAL BACKGROUND

On August 26, 2009, Plaintiff filed this lawsuit against the following Defendants:  Colleen Hirai; Robert Graham; Ashford & Wriston, LLP; Ronald R. Sakamoto; Kamehameha Schools; Corbett A. K. Kalama; Diane J. Plotts; J. Douglas Keauhou Ing; Nainoa Thompson; Robert K. U. Kihune; James Francis Vrechek; Jason Tani; and Frank Kanemitsu.  (Doc. 1.)  The Original Complaint asserted claims for conspiracy in restraint of trade, theft of honest services using the United States mail, civil conspiracy, and violations of 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act.  (Doc. 1.)

The Original Complaint was dismissed on November 6, 2009, and Plaintiff was allowed to "seek leave to file an Amended Complaint by filing an appropriate motion with the Magistrate Judge . . . no later than November 23, 2009."  (Doc. 82 at 32.)

On November 23, 2009, Plaintiff filed a timely motion for leave to file an amended complaint and attached a proposed amended complaint.  (Doc. 86.)  After Defendants filed opposition memoranda and three days before Plaintiff's reply memorandum was due, Plaintiff moved to extend the deadline for filing that reply memo.  (Doc. 99.)  The Court denied that motion, and Plaintiff thereafter filed the instant motion, which moves to dismiss ten of the original Defendants and

seeks leave to file yet another amended complaint.  (Doc. 106.)  The newly proposed amended complaint ("First Amended Complaint") asserts claims for fraud, abuse of process, conversion, negligence, gross negligence, and punitive damages against Vrechek, Kanemitsu, and Tani.  (Appendix 1.)  Vrechek is the trustee of the Sharon M. Y. Young Revocable Living Trust; Kanemitsu is an attorney for Vrechek in his capacity as trustee; and Tani is an attorney for Vrechek as an individual and not in his capacity as trustee.  (Motion at 2-3.)

## STANDARD OF REVIEW

A.        Voluntary Dismissal

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper."  "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to this court's sound discretion."  Local Motion, Inc. v. Niescher, 170 F.R.D. 473, 474 (D. Haw. 1995).

B.        Motion for Leave to Amend Complaint

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."   Whether to grant leave to amend is within the district court's discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962).

## DISCUSSION

A.          Motion to Dismiss Ten Defendants

Plaintiff moves to dismiss the following ten Defendants:  Colleen Hirai; Robert Graham; Ashford & Wriston, LLP; Ronald R. Sakamoto; Kamehameha Schools; Corbett A.K. Kalama; Diane J. Plotts; J. Douglas Keauhou Ing; Nainoa Thompson; and Robert K.U. Kihune.  Plaintiff argues the dismissal should be without prejudice, whereas Defendants contend they should be dismissed with prejudice.

In the Order Dismissing Complaint filed on November 6, 2010, District Judge Susan Oki Mollway dismissed every claim asserted against the ten Defendants listed above on various grounds.  However, she recognized that Plaintiff might be able to cure the deficiencies set forth in that order and allowed him to seek leave to file a sufficient amended complaint by November 23, 2009.  Although Plaintiff initially moved to file an amended complaint against the ten Defendants, he subsequently modified the amended complaint, which no longer asserts any claims against those ten Defendants.  Further, the proposed First Amended Complaint states no basis for proceeding against the ten Defendants, and Plaintiff is not seeking to revive any of the dismissed claims against them.  Accordingly, in light of Judge Mollway's ruling on the claims against those

4

Defendants and because the deadline to seek leave to file an amended complaint has passed and Plaintiff is no longer pursuing any claims against them, the Court concludes that the ten Defendants should be dismissed with prejudice.  The Court therefore finds and recommends that Plaintiff's First Motion To Dismiss Ten Defendants be GRANTED IN PART and DENIED IN PART.

B.          Motion for Leave to Amend Complaint

Plaintiff moves to file the First Amended Complaint for fraud, abuse of process, conversion, negligence, gross negligence, and punitive damages against Vrechek, Kanemitsu, and Tani (hereinafter collectively, "Defendants"). Defendants contend that leave to amend should be denied because the amendments proposed are futile.

Pursuant to Rule 15(a)(2), "a party may amend its pleading . . . with the . . . court's leave."  If the facts and circumstances a plaintiff relies upon may be the basis of relief, the plaintiff should be afforded an opportunity to test his claims on the merits.  Foman v. Davis, 371 U.S. 178, 182 (1962).  In determining whether to grant leave to amend, courts consider factors such as:  futility of the amendment; bad faith by the plaintiff; whether the amendment will cause undue delay; whether it will prejudice the opposing party; and whether the plaintiff failed to cure deficiencies in prior amendments.  Id.  Not all of these factors carry equal weigh,

however.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

The First Amended Complaint asserts claims for fraud, abuse of process, conversion, negligence, gross negligence, and punitive damages.  Each claim is addressed in turn.

1.    Count 1:  Common Law Fraud

Under Hawaii law, a claim of common law fraud requires "(1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which the other party relies to his or her damage."  Kajitani v. Downey Sav. & Loan Ass'n, FA, 647 F. Supp. 2d 1208, 1219 (D. Haw. 2008) (citing Haw. Cmty. Fed. Credit Union v. Keka, 94 Haw. 213, 230, 11 P.3d 1, 18 (Haw. 2000)).

Federal Rules of Civil Procedure Rule 9(b) requires a party asserting fraud to "state with particularity the circumstances constituting fraud."  To comply

6

with this Rule, a complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004). The complaint shall be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).

Where multiple defendants are accused of fraud, "the complaint must identify false statements made by each and every defendant." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" Id. at 764-65. "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" Id. at 765.

Plaintiff's claim for fraud in the First Amended Complaint does not meet Rule 9(b)'s mandate that it "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Although Plaintiff does allege that

7

"Vrechek falsely represented that Vrechek was a proper trustee" and that "Tani and Kanemitsu falsely represented . . . that Vrechek was a fit and proper trustee," the First Amended Complaint does not "state the time, place, and specific content of the false representations." Edwards, 356 F.3d at 1066. Moreover, Plaintiff fails to identify and differentiate each Defendant's role in the allegedly fraudulent schemes. See Swartz, 476 F.3d at 764-65. Because Plaintiff's fraud claim fails to meet the mandates of Rule 9(b), it would be subject to a motion to dismiss and allowing Plaintiff to proceed on this claim would be futile. Sua v. Espinda, Civ. No. 09-00592 SOM-LEK, 2010 WL 184314, at *2 (D. Haw. Jan. 19, 2010) ("These new claims would thus be subject to a motion to dismiss, and allowing their amendment to this suit would be futile.").

2.    Count 2:  Common Law Abuse of Process

Under Hawaii law, there are two essential elements in a claim for abuse of process:  "(1) an ulterior purpose and (2) a willful act in the use of the process which is not proper in the regular conduct of the proceeding." Young v. Allstate Ins. Co., 119 Haw. 403, 412, 198 P.3d 666, 675 (Haw. 2008). "Process," as used in the tort of abuse of process, "has been interpreted broadly to encompass the entire range of 'procedures' incident to litigation." Id.

In <u>Young</u>, the Hawaii Supreme Court addressed the second element of an abuse of process claim.  119 Haw. at 414-16, 198 P.3d at 677-79.  The court held that "more is required than the issuance of the process itself" and that "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."  <u>Id.</u> at 414-15, 198 P.3d at 677-78.  The court declined to follow "other jurisdictions that have expanded the tort of abuse of process to encompass circumstances in which there was no act apart from the issuance of process."  <u>Id.</u> at 415-16, 198 P.3d at 678-79.  Rather, the court held that "the plaintiff must prove a 'willful act' distinct from the use of process per se."  <u>Id.</u> at 416, 198 P.3d at 679.

The complaint in <u>Young</u> had alleged that "the Defendants sought to further an improper purpose when they employed the legal processes of filing an answer, appealing the arbitration award and taking the dispute to trial, making a HRCP Rule 68 offer of judgment, and opposing Young's requests for attorneys' fees, costs, and prejudgment interest."  <u>Id.</u>  The court held that "the Defendants' use of such processes, without more, did not constitute 'willful' acts that were, in themselves, antithetical to the legitimate conduct of the underlying case."  <u>Id.</u>  Indeed, "some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required."  <u>Id.</u> at 414, 198 P.3d

at 677.  Therefore, although the complaint had sufficiently alleged that the

defendants employed processes and that their primary purpose in utilizing those

processes was improper, the Hawaii Supreme Court held that the complaint "did

not show that the Defendants committed a willful act not proper in the regular

conduct of the underlying case."  Id. at 416, 198 P.3d at 679.

In Count 2, Plaintiff alleges that Defendants "used the legal process"

and "willfully made misleading representations to the Probate Court" for the

"ulterior purpose of keeping Vrechek as a trustee . . . and to continue to receive

funds from the Sharon Young Trust."  (FAC ¶¶ 7-8.)  Notably, Plaintiff fails to

allege "a 'willful act' distinct from the use of process per se" and simply argues

that Defendants "used the legal process" and "made misleading representations."

See Young, 119 Haw. at 416, 198 P.3d at 679.  As in the Young case, Defendants'

"use of such processes, without more, [does] not constitute 'willful' acts that were,

in themselves, antithetical to the legitimate conduct of the underlying case."  Id.

Further, as the Hawaii Supreme Court noted in Young, making representations that

"contain[] falsehoods" to the court is "not the type of improper act upon which a

proper claim of abuse of process may be founded."  Id. (citing Hawkins v.

Webster, 78 S.E.2d 682, 685 (N.C. Ct. App. 1985)).  Defendants shall not be liable

10

where they have "done nothing more than carry out the process to its authorized conclusion, even [if] with bad intentions."  Id. at 414, 198 P.3d at 677.

As in Young, although the First Amended Complaint alleges that Defendants employed processes and that they had an ulterior purpose in utilizing those processes, Plaintiff does not show that Defendants "committed a willful act not proper in the regular conduct of the underlying case."  Id. at 416, 198 P.3d at 679.  Because Count 2 would be subject to a motion to dismiss for failure to state a claim, allowing Plaintiff to proceed on this claim would be futile.  See Sua, 2010 WL 184314, at *2.

3.    Count 3:  Common Law Conversion

To establish a claim of conversion, Plaintiff must show:  "(1) a taking from the owner without his consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse of the chattel; and (4) a wrongful detention after demand."  Pourny v. Maui Police Dep't, 127 F. Supp. 2d 1129, 1146 (D. Haw. 2000).

Count 3 of the First Amended Complaint alleges that "Vrechek took assets from the Sharon Young Trust" and that "Vrechek misappropriated funds from the Sharon Young Trust to pay for his personal attorney."  (FAC ¶ 11.) Although Plaintiff alleges that some of the misappropriated funds were used to pay

11

Tani and that Kanemitsu's "false representations to the Probate Court" enabled Vrechek to allegedly take trust assets, there is no allegation that Tani or Kanemitsu took any trust property.  The conversion claim therefore fails against Tani and Kanemitsu.

         With respect to Vrechek, Plaintiff asserts that he took trust assets to pay for his legal representation.  (FAC ¶ 11.)  In the probate proceedings, Plaintiff sought to remove Vrechek as trustee, and Vrechek had to defend against removal. Under Hawaii law, "it is well settled in this jurisdiction that attorney's fees and expenses incurred in a trust litigation is properly payable out of estate funds where the litigation is for the benefit of the estate."  Midkiff v. Kobayashi, 54 Haw. 299, 339, 507 P.2d 724, 746 (Haw. 1973); George G. Bogert et al., The Law of Trusts and Trustees, § 525 (2d ed. 1993) ("If the attempt to remove the trustee fails, it is proper to order payment of costs our of the trust estate.").  Because "a successful defense by a trustee against an effort to remove him as trustee is a defense on behalf of the trust estate itself," Vrechek's efforts to defend against his removal was on behalf of and for the benefit of the trust estate.  See Saulsbury v. Denton Nat'l Bank, 335 A.2d 199, 201 (Md. Ct. Spec. App. 1975).  Thus, attorneys' fees incurred in his defense were recoverable from the estate.  Accordingly, Plaintiffs claim that Vrechek is liable for conversion for paying his attorneys' fees from the

trust estate fails as a matter of law, would be subject to a motion to dismiss, and is futile.  See Sua, 2010 WL 184314, at *2.

        4.     Count 4:  Negligence

        To establish a claim for negligence under Hawaii law, Plaintiff must show:  (1) a duty to conform to a certain standard of conduct, (2) a breach of the duty, (3) a causal connection between the breach and the injury, and (4) damage to Plaintiff.  Pourny, 127 F. Supp. 2d at 1145.  "A fundamental requirement of a negligence action is the existence of a duty owed by the defendant to the plaintiff."  Kahoohanohano v. Dep't of Human Servs., 117 Haw. 262, 286-87, 178 P.3d 538, 562-63.

        Plaintiff's negligence claims against Kanemitsu and Tani are based on their duties as lawyers.  Plaintiff alleges that they breached a duty to watch for and report Vrechek's alleged misconduct under Hawaii Probate Rule 42, as well as a "duty of candor and a common law duty to protect the assets of the Sharon Young Trust."  (FAC ¶¶ 15-16.)

        With respect to any duty under Hawaii Probate Rule 42, that Rule states:  "An attorney for an estate, guardianship, or trust does not have an attorney-client relationship with the beneficiaries of the estate or trust or the ward of the guardianship, but shall owe a duty to notify such beneficiaries or ward of

activities of the fiduciary actually known by the attorney to be illegal that threaten the security of the assets under administration or the interests of the beneficiaries." The Court notes that this Rule applies to attorneys "for an estate, guardianship, or trust." This Rule does not appear to apply to Kanemitsu or Tani, as they did not represent the estate or trust, but they represented the trustee, Vrechek. Haw. Prob. R. 42(a) ("An attorney employed by a fiduciary for an estate, guardianship, or trust represents the <u>fiduciary</u> as client" (emphasis added)). Further, Plaintiff does not allege that Kanemitsu or Tani "actually knew" of any illegal activity by Vrechek.

With respect to the other duties Kanemitsu and Tani allegedly owed to Plaintiff, Hawaii courts follow the general rule that an attorney owes no duty to his client's adversaries:

> creation of a duty in favor of an adversary of the attorney's client would create an unacceptable conflict of interest. Not only would the adversary's interests interfere with the client's interests, the attorney's justifiable concern with being sued for negligence would detrimentally interfere with the attorney-client relationship.

<u>Buscher v. Boning</u>, 114 Haw. 202, 220, 159 P.3d 814, 832 (Haw. 2007). Because Tani and Kanemitsu represented Vrechek in an adversarial proceeding in which Plaintiff sought to remove him as trustee, they owed Plaintiff no duty of care.

With respect to the duties allegedly owed by Vrechek, Plaintiff claims that he breached the duties to safeguard trust assets, to follow the terms of the trust that allow Plaintiff access to trust accounting records, to operate the trust in a profitable manner, to "act with the utmost honesty and integrity in administering" the trust, and to not commingle trust assets.  (FAC ¶ 14.)

As noted by Vrechek, Plaintiff is actively engaged in litigation with him in state probate court, which has jurisdiction to administer trusts.  (Vrechek Opp. at 8.)  All of these issues must be raised in that court.  Marshall v. Marshall, 547 U.S. 293, 311-12 (2006) ("the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court").  If Plaintiff believes that Vrechek's accounts to the probate court are incorrect or false or inadequate, or if Plaintiff wants to object to or view the accounts or seek a surcharge against Vrechek, those issues should be raised in the probate proceedings.  To the extent Plaintiff alleges Vrechek failed to safeguard trust assets and follow the terms of the trust, or administered the trust without "honesty and integrity," those claims should have been properly raised in the probate proceedings where Plaintiff sought to remove Vrechek as trustee.  If Plaintiff is dissatisfied with the probate court's rulings, he

15

should appeal those decisions within the state court system.  Were this Court to address Plaintiff's challenges to Vrechek as trustee, it would be interfering with the probate court's administration of the trust.  <u>Marshall</u>, 547 U.S. at 311.  Allowing this claim to proceed would therefore be futile.

     5.    Count 5:  Gross Negligence

Gross negligence requires "the intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another; such a gross want of care and regard for the rights of others as to justify the presumption of willfulness and wantonness."  <u>Cape Flattery Ltd. v. Titan Maritime LLC</u>, 607 F. Supp. 2d 1179, 1189 (D. Haw. 2009).  As compared to negligence, "[g]ross negligence, by contrast, is a failure to perform a manifest duty in reckless disregard of the consequences."  <u>Wheelock v. Sport Kites, Inc.</u>, 839 F. Supp. 730, 736 (D. Haw. 1993).

Count 5 of the First Amended Complaint states that "Vrechek, Kanemitsu, and Tani acted with willful misconduct or reckless indifference to the consequences of their actions that injured the Sharon Young Trust by costing more in fees, injuring Plaintiff as a vested residual beneficiary."  (FAC ¶ 21.)  It is unclear what facts support this claim, and Count 5 does not give Defendants "fair notice of what the plaintiff's claim is and the ground upon which it rests."  <u>Kimes</u>

v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Further, to the extent Plaintiff is asserting the same acts alleged in Count 4 for negligence, they fail to state a claim for the reasons discussed above.  Without more, Count 5 would be subject to a motion to dismiss and is therefore futile.  See Sua, 2010 WL 184314, at *2.

      6.    Count 6:  Punitive Damages

Lastly, Plaintiff asserts a claim for punitive damages against Defendants.  "Punitive or exemplary damages are generally defined as those damages assessed in addition to compensatory damages for the purpose of punishing the defendant for aggravated or outrageous misconduct and to deter the defendant and others from similar conduct in the future."  Masaki v. Gen. Motors Corp., 71 Haw. 1, 6, 780 P.2d 566, 570 (Haw. 1989).  However, a "claim for punitive damages is not an independent tort, but is purely incidental to a separate cause of action."  Mullaney v. Hilton Hotels Corp., 634 F. Supp. 2d 1130, 1152 (D. Haw. 2009) (citing Ross v. Stouffer Hotel Co., 76 Haw. 454, 466, 879 P.2d 1037, 1049 (Haw. 1994)).  Having concluded that Plaintiff fails to sufficiently state any other causes of action in the First Amended Complaint, his claim for punitive damages also fails because it is "not an independent tort."  See id.

CONCLUSION

17

For the foregoing reasons, the Court finds and recommends that Plaintiff's First Motion To Dismiss Ten Defendants be GRANTED IN PART and DENIED IN PART and that dismissal of the ten defendants be with prejudice. The Court DENIES Plaintiff's Second Motion To File First Amended Complaint.

## NOTICE

The parties are advised that any objection to this Findings and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation.  See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule 74.2.  The parties are further advised that any appeal of this Order denying leave to amend is due seventeen calendar days after being served with a copy of this Order.  See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule 74.1.  If an objection or appeal is filed, a copy shall be served on all parties.

DATED:  Honolulu, Hawaii, February 26, 2010.

IT IS SO ORDERED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Mark W. S. Young v. Bishop Estate / Kamehameha Schools, CV. NO. 09-00403 SOM-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S FIRST MOTION TO DISMISS TEN DEFENDANTS BE GRANTED IN PART AND DENIED IN PART; ORDER DENYING PLAINTIFF'S SECOND MOTION TO FILE FIRST AMENDED COMPLAINT.

18