**Mark Young**

Fla. Bar 48822
4870 127th Trail N
West Palm Beach, FL 33411
lawace@gmail.com
561-719-1250
**PLAINTIFF PRO SE**

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | |
|---|---|
| **Mark W.S. Young**<br><br>**Plaintiff**<br><br>VS.<br><br>**Bishop Estate / Kamehameha Schools, et.al.**<br><br>**Defendants.** | CIVIL NO. 09-00403 SOM-BMK<br><br>PLAINTIFF'S OBJECTION TO COURT'S FINDINGS AND RECOMMENDATIONS ; EXHIBITS 1-4; AND<br><br>CERTIFICATE OF SERVICE |

## PLAINTIFF'S OBJECTION TO COURT'S FINDINGS AND RECOMMENDATIONS

Plaintiff, Mark Young, files his Objection To Court's Findings and Recommendations [Docket 136].

**THE COURT FAILED TO APPLY THE *BLAIR V. ING* BALANCING FACTORS TEST IN FINDING THAT ATTORNEYS FRANK KANEMITSU AND JASON TANI OWED NO DUTY TO PLAINTIFF**

In dismissing Plaintiff's Negligence claim against Attorneys Frank Kanemitsu and Jason Tani, the Court determined the attorneys did not owe a duty to Plaintiff [Order p. 14]. The Court failed to apply the six factor balancing test articulated by the Hawaii Supreme Court in *Blair v. Ing* to determine whether a professional is liable to a plaintiff that did not have a direct relationship with the professional.

*Blair v. Ing,* 95 Haw. 247, 21 P.3d 452 (Haw. 2001) is a six part balancing test on whether a professional is liable to a plaintiff, where there is no direct professional-client relationship between the plaintiff and the professional. In *Blair v. Ing*, the Hawaii Supreme Court adopted a six factor balancing test to determine professional liability for negligence to a non-client plaintiff: "(1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury; (5) the policy of preventing future harm; and (6) whether imposing liability placed an undue burden upon the legal profession." The Court failed to apply the *Blair v. Ing* six-factor balancing test in determining whether attorneys Kanemitsu and Tani owed a duty to Plaintiff.

Applying the six factor *Blair v. Ing* test using proper standard of viewing all of Plaintiff's allegations as true and viewed in light most favorable to Plaintiff, the balancing factors favor Plaintiff and Plaintiff should be allowed to pursue his negligence and gross negligence claims against Attorneys Frank Kanemitsu and Jason Tani. *Blair Factor 1 (the extent to which the transaction was intended to affect the plaintiff):* Under *Hawaii Probate Rule 42 Commentary*, the fiduciary's duties flow down into his agents and attorneys to uphold the fiduciary duties. Plaintiff is a vested remainder beneficiary of the trust and the attorney services must be reasonably calculated to benefit the beneficiaries of the Trust, applying the proper standard of review, *Blair Factor 1* favors Plaintiff.

*Blair Factor 2 (the foreseeability of harm to him):* Plaintiff was a known beneficiary of the trust and the attorneys were employed to benefit the Trust; otherwise their expense would be trustee's self dealing with trust assets. Applying the proper standard of review in viewing all allegations in the light most favorable to Plaintiff, *Blair Factor 2* favors Plaintiff.

*Blair Factor 3 (the degree of certainty that the plaintiff suffered injury):* Plaintiff is a vested residual beneficiary of the Sharon Young Trust, so use of the corpus of the trust personally injures Plaintiff's vested interest. Applying the proper standard of review in viewing all allegations as true and in the light most favorable to Plaintiff, *Blair Factor 3* favors Plaintiff.

*Blair Factor 4 (the closeness of the connection between the defendant's conduct and the injury):* Plaintiff has alleged a close causal relationship between Attorneys Kanemitsu and Tani's actions to the harm suffered by Plaintiff. James Vrechek, Trustee of the Sharon Young Trust, operated a CPA Fraud business preparing tax returns. Vrechek caught Sharon Young in his scheme and Vrechek prepared Sharon Young's tax return, signing it as "CPA". **Composite Exhibit 1** Use of CPA title is a per se violation of *HRS §466-10.* Vrechek also defrauded Ford Motor Company of about $250,000 by falsifying monthly financial statements for about 1.5 years, kiting checks, and lying to auditors. **Composite Exhibit 2.** Vrechek also defrauded the US Government of about $51,652.80 in payroll taxes. **Composite Exhibit 3.** About $3,731.83 or 28% of Sharon Young's Charles Schwab IRA disappeared with Vrechek's first accounting. **Composite Exhibit 4.** Vrechek has a history of fraud. *Hawaii Probate Rule 42* applies to Attorneys Frank Kanemitsu and Jason Tani because they received funds from the Sharon Young Trust. Attorney Kanemitsu actually represented the Sharon Young Trust by representing the trustee in his as a representative of the Sharon Young Trust. Applying the proper standard of presuming all of Plaintiff's alleged facts as true and viewed in the light most favorable to Plaintiff, *Blair Factor 4* favors Plaintiff.

*Blair Factor 5 (the policy of preventing future harm):* The Hawaii Supreme Court created a policy of checks on fiduciaries with *Hawaii Probate Rule 42. Hawaii Probate Rule 42* creates an attorney's duty of mandatory duty to report trustee misconduct. Holding attorneys Kanemitsu and Tani liable would promote the policy of preventing future harm to trusts and ensuring compliance with *HPR 42*. Thus, using the proper standard of viewing all facts as true and in the light most favorable to Plaintiff, *Blair Factor 5* favors Plaintiff.

*Blair Factor 6 (whether imposing liability placed an undue burden upon the legal profession):* The trustee's fiduciary duty to the beneficiaries extends to his attorneys; his attorneys have a fiduciary duty to the beneficiaries. *HPR 42 Commentary states "This fiduciary obligation, therefore, extends to the employees and agents of the fiduciary, including the attorney."* Since the fiduciary duties of the trustee flow down to his agents, including the attorney, holding the fiduciary's attorney liable for breaches of fiduciary duty would not place an undue burden on the profession. *HPR 42* creates a duty on an attorney to report a fiduciaries misconduct. Thus, using the proper standard of review in viewing all facts in the light most favorable to Plaintiff, *Blair Factor 6* favors Plaintiff.

Applying the six factor *Blair v. Ing* test using proper standard of viewing all of Plaintiff's allegations as true and viewed in light most favorable to Plaintiff, the balancing factors favor Plaintiff and Plaintiff should be allowed to pursue his claim negligence and gross negligence claims against Attorneys Frank Kanemitsu and Jason Tani. Thus, the Court's finding that Attorneys Frank Kanemitsu and Jason Tani owed no duty without applying the *Blair v. Ing* balancing factors was in err.

### THE COURT FAILED TO APPLY THE COMMENTARY IN HAWAII PROBATE RULE 42, WHEN DETERMINING ATTORNEY FRANK KANEMITSU WAS NOT THE TRUST'S ATTORNEY

The Court found "This Rule [Hawaii Probate Rule 42] does not appear to apply to Kanemitsu or Tani, as they did not represent the estate of the trust, but they represented trustee, Vrechek." [Order p. 14]  The Hawaii Supreme Court created a system of checks by requiring the fiduciary's attorney to report misconduct of a trustee. The Court's limited interpretation of *Hawaii Probate Rule 42* would make the *HPR 42* an academic novelty, which would allow trust attorneys to circumvent the safeguards the Hawaii Supreme Court created in the *HPR 42*. Attorney Kanemitsu represented Vrechek in his representative capacity as trustee of the Sharon Young Revocable Living Trust, which makes Attorney Kanemitsu the Trust's attorney. In contrast, Attorney Tani represented Vrechek in his individual capacity. A trust attorney's obligations flow to the beneficiaries rather than the self-interest of the trust fiduciary. *Morales v. Field*, 99 Cal. App. 3 307 (1st D. 1980). Attorney Kanemitsu was the trust's attorney by representing Vrechek in his representative capacity as trustee. Since Attorney Kanemitsu represented Vrechek in his fiduciary capacity, Kanemitsu's duties flow down to the beneficiaries rather than the individual self-interests of the trust fiduciary. *See Commentary of Hawaii Probate Rule 42*. *Hawaii Probate Rule 42* requires attorneys for the fiduciary to report the fiduciary's misconduct to the Court and beneficiaries. The crux of the case is that Kanemitsu violated this duty and should be held accountable.

The Hawaii Supreme Court stated, "It is elementary that a 'trustee is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary.' Restatement (Second), Trusts, § 170 (1959). This, of course, precludes a trustee from dealing with trust assets to his own advantage or benefit." *Steiner v. Hawaiian Trust*

*Co.*, 393 P.2d 96, 47 Haw. 548, 558 (Haw. 1964) *Hawaii Probate Rule 42* clarifies that the fiduciary does not have a regular adversarial role because the trust must be administered to solely benefit the beneficiaries.

*Hawaii Probate Rule 42(b) Relationship to Beneficiaries.* "An attorney for an estate, guardianship, or trust does not have an attorney-client relationship with the beneficiaries of the estate or trust or the ward of the guardianship, **but shall owe a duty to notify such beneficiaries or ward of activities of the fiduciary actually known by the attorney to be illegal that threaten the security of the assets under administration or the interests of the beneficiaries.**

*Hawaii Probate Rule 42 Commentary* clarifies that an attorney for the trustee is an attorney for the trust in *42(b), the commentary* states,

> *a fiduciary is not a normal client, but one who owes a fiduciary obligation to others.* ***This fiduciary obligation, therefore, extends to the employees and agents of the fiduciary, including the attorney.*** *Therefore, even though the attorney has no attorney-client relationship with the beneficiaries or ward, the attorney owes a fiduciary duty to notify the beneficiaries and the court of the improper action or inaction of the fiduciary. See Mallen & Smith, Legal Malpractice, §§ 26.4ff; New York City Opinion 269 (1933); ABA/BNA Lawyers' Manual on Professional Conduct 01:135 (1987).*

"It is well established that a trustee owes a duty of full disclosure to the beneficiaries." *In re Estate of Halas*, 568 N.E.2d 170 (Ill. App. 1991) citing Greene v. First National Bank (1987), 162 Ill. App. 3d 914, 920, 516 N.E.2d 311; In re Sedgwick's Will (1944), 74 Ohio App. 444, 461, 59 N.E.2d 616, 624; G. Bogert, Trusts & Trustees § 961, at 2-3 (2d ed. rev. 1983)." In this case, Attorney Kanemitsu helped Vrechek to violate his duty of full disclosure to the beneficiaries and the Court by obstructing beneficiaries access to trust accountings to show Vrechek's breaches of fiduciary duties.

*HRP 42 Commentary* states the fiduciary duty extends to the fiduciary's attorney. The Court's findings should reflect that Attorney Kanemitsu's representation of Vrechek in his fiduciary capacity was subject to the obligations to beneficiaries to report trustee's misconduct.

## COURT'S FINDINGS SHOULD BE CHANGED TO BE VOLUNTARY DISMISSAL WITHOUT PREJUDICE

The Court granted in part Plaintiff's Motion To Voluntary Dismiss Ten Defendants [Docket 106] under Rule 41(a)(2). The motion was silent as to whether the dismissal was with or without prejudice. Plaintiff complied with the Court's deadlines and presented new arguments, which were not decided on the merits, so Plaintiff's voluntary dismissal should be without prejudice. Plaintiff voluntarily dismissed ten defendants to simplify and streamline the case.

*FRCP 42(a)(2)* indicates a preference that voluntary motions to dismiss be without prejudice. *FRCP 42(a)(2)* states, "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Furthermore, Plaintiff clarified that Plaintiff's Voluntary Dismissal of the Defendants was intended to be without prejudice in Dockets 120 and 121. Plaintiff has unambiguously communicated that his motion for voluntary dismissal was without prejudice. Despite Plaintiff's assertions that his motion was without prejudice, the Court determined Plaintiff's motion to voluntary dismissal ten defendants under *Rule 41(a)(2)* was prejudice. [Order, p. 5]

The Court in essence is remanding Plaintiff to state court and dismissing the ten defendants with prejudice is premature, given the status of the state court cases. More evidence may be discovered; Plaintiff should not be barred from recovery based on Plaintiff's limited knowledge today based on no discovery. Plaintiff had attempted to appeal the Probate Court ruling to the state appellate court, but the case was remanded because there were still open issues. The Court's dismissal appears to be based on a lack of exhaustion, "[A] dismissal based on lack of exhaustion should ordinarily be without prejudice: '[f]ailure to exhaust administrative remedies is often a temporary, curable, procedural flaw.'" *Fitzgerald v. Corrections Corp. of Am.* 403 F.3d 1134, 1139-40 (10th Cir. 2005).

Since the state court's rulings are not yet appealable because there are open issues in the Probate Court, the federal findings with prejudice are premature and the findings should reflect that the motion for voluntary dismissal was intended to be without prejudice.

## COURT IMPROPERLY APPLIED THE PROBATE EXCEPTION BECAUSE THE CASE DOES NOT PROBATE OR ANNUL A WILL

The Court cites, *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) ("the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.")  [Order p. 15]

The Sixth Circuit clarified the *Marshall* decision, in *Wisecarver v. Moore*, No. 06-6046 (6th Cir. 06/08/2007):

> the probate exception reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.     Id. Thus, it found that the plaintiff's claims for tortious interference with a gift fell outside the exception because the claim sought in personam relief, as opposed to relief seeking to reach the res over which the state court had custody.  **Therefore, to the extent that Plaintiffs' claims seek in personam jurisdiction over the Defendants, and do not seek to probate or annul a will, the probate exception does not apply.**  [Emphasis added]

The *Marshall* case is inapplicable because Plaintiff does not seek to dispose of property in the custody of a state probate court.  Plaintiff sued Vrechek only as an individual, not as a trustee.  *See Complaint and Amended Complaint.*  Vrechek was not sued in his representative capacity as trustee of the Sharon Young Trust, so the trust is not a party.  Plaintiff does not seek to probate or annul a will, so the probate exception does not apply under *Wisecarver.*  Thus, Plaintiff does not seek to change a state probate court's decision, just to make Vrechek pay for the harm caused to Plaintiff.  Thus, the probate exception does not apply to this case.

## HAWAII LAW REQUIRES EXPENDITURES BE REASONABLY CALCULATED TO BENEFIT THE BENEFICIARIES

The Court cites Maryland law, *Saulsbury v. Denton Nat'l Bank*, 335 A.2d 199, 201 (Md.Ct. Spec. App. 1975), "Vrechek's efforts to defend against his removal was on behalf of and for the benefit of the trust estate." [Order p. 12]  Maryland law contradicts Hawaii law, which requires a trustee to administer the trust solely in the interest of beneficiary. *Steiner v. Hawaiian Trust Co.*, 393 P.2d 96, 47 Haw. 548, 558 (Haw. 1964) "It is elementary that a 'trustee is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary.' Restatement (Second), Trusts, § 170 (1959). This, of course, precludes a trustee from dealing with trust assets to his own advantage or benefit."

To reconcile Maryland law and Hawaii law, rather than making a general assertion that Vrechek's remaining trustee benefits the trust estate, the Court should identify at least one beneficiary who is benefited by having Vrechek continue as trustee. To follow Hawaii law, the Court should identify which beneficiary is benefited by having a trustee with an extensive history of fraud.  Vrechek falsified being a Hawaii license CPA to become Sharon Young's tax preparer, financial planner, and ultimately trustee of the Sharon Young Trust.  **Composite Exhibit 1**  Use of CPA title is a per se violation of *HRS §466-10.*  Vrechek also defrauded Ford Motor Company of about $250,000 by falsifying monthly financial statements for about 1.5 years, kiting checks, and lying to auditors.  **Composite Exhibit 2.**  Vrechek also defrauded the US Government of about $51,652.80 in payroll taxes.  **Composite Exhibit 3.**  About $3,731.83 or 28% of Sharon Young's Charles Schwab IRA disappeared with Vrechek's first accounting.  **Composite Exhibit 4.**  Trustees are to be of the highest moral character because they are entrusted with unsupervised control of assets.  The Court's analysis is circular – since Vrechek is such a great fraud and fooled the Probate Court, therefore it benefits the Trust and Vrechek should have his attorney fees paid from the Sharon Young Trust.  To follow Hawaii law under *Steiner*, the Court should identify at least one beneficiary that benefited by having Vrechek continue as trustee, rather than making a general statement that Vrechek's continuation benefits the Sharon Young Trust.

Dated:  West Palm Beach, FL  **March 15, 2010**


*/s/ Mark Young*
**MARK W.S. YOUNG**
PLAINTIFF PRO SE
*"Jus est ars boni et aequi"*
"Law is the science of what is good and just"