IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK W.S. YOUNG, | ) | CIVIL NO. 09-00403 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING THE FEBRUARY |
| | ) | 26, 2010, MAGISTRATE JUDGE |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | AND ORDER ALLOWING PLAINTIFF |
| BISHOP ESTATE; et al., | ) | TO DISMISS TEN DEFENDANTS AND |
| | ) | DENYING LEAVE TO FILE AN |
| | ) | AMENDED COMPLAINT |
| Defendants. | ) | |
| _____ | ) | |

ORDER ADOPTING THE FEBRUARY 26, 2010, MAGISTRATE JUDGE FINDINGS AND RECOMMENDATION AND ORDER ALLOWING PLAINTIFF TO DISMISS TEN DEFENDANTS AND DENYING LEAVE TO FILE AN AMENDED COMPLAINT

I.      INTRODUCTION.

On August 26, 2009, Plaintiff Mark W.S. Young ("Young") filed his original complaint in this matter, complaining that while his mother, Sharon Marie Yust Young ("Mother"), was in hospice and on narcotics, she decided to make gifts totaling $485,000 to religious groups and advisors from her $1.2 million trust ("Trust").  See Complaint ¶¶ 37-38 (Aug. 26, 2009). Unhappy with the results of his challenges in state probate court to these gifts (Case. No. T-05-1-0001), Young, an active Florida attorney in good standing, filed the original complaint in this federal action, naming everyone and every legal entity having anything to do with the ongoing probate case, as well as individuals and a charitable trust that had no direct involvement with the probate court's handling of Mother's Trust or estate. The complaint was filled largely with speculation and very few

facts relating to claims against Defendants. Young, for example, baldly accused the probate court judge of various misdeeds because she had ruled against him. See Docket No. 1.

On November 6, 2009, this court dismissed the original complaint and gave Young a deadline of November 23, 2009, for filing a motion for leave to amend his original complaint. See Docket No. 82.

On November 23, 2009, Young moved for leave to file a 44-page amended complaint. The proposed amended complaint essentially repeated the allegations made in the original complaint. See Docket No. 86. After receiving oppositions to his motion for leave to file an amended complaint, Young filed a motion to dismiss his claims against ten Defendants and to file a different, 9-page amended complaint. See Docket No. 106. This court deems this second motion to file an amended complaint to have withdrawn the November 23, 2009, motion.

In seeking leave to file the simplified proposed amended complaint, Young abandoned and waived claims against ten Defendants and proposed to proceed against only Defendants James Francis Vrechek, Frank Kanemitsu, and Jason Tani. See Docket No. 106-2. The simplified proposed amended complaint alleges that Vrechek is the Trustee for Mother's Trust, that Kanemitsu is the attorney for the Trust, and that Tani is Vrechek's private attorney paid from the Trust's assets. Young asserts fraud

(Count 1), abuse of process (Count 2), conversion (Count 3), negligence (Count 4), and gross negligence (Count 5), and also seeks punitive damages (Count 6).  See id.

On February 26, 2010, Magistrate Judge Barry M. Kurren issued findings and recommendation and an order ("F&R/Order") that allowed Young to dismiss the ten Defendants with prejudice and denied leave to file the simplified proposed amended complaint on futility grounds.  See Docket No. 136.

On March 15, 2010, Young timely filed objections to the F&R/Order.  Young contends: 1) that the dismissal of the ten Defendants should have been without prejudice, rather than with prejudice; 2) that, with respect to the proposed negligence claim, the Magistrate Judge erred in determining that Kanemitsu and Tani owed no duty to Young; 3) that the Magistrate Judge erred in determining that Kanemitsu represented the Trustee, Vrechek, and not each of the beneficiaries; 4) that the Magistrate Judge erred in concluding that Young's claims must be raised in the probate court, rather than this court; and 5) that the Magistrate Judge improperly determined that the Trustee did not have a duty to act solely for Young's benefit.  See Docket No. 137.

Because each of Young's objections goes to an issue that is dispositive of one of Young's claims, this court reviews

Young's objections de novo. The court rejects each of the issues raised by Young and adopts the thorough, well-reasoned F&R/Order.

II.      STANDARD.

As noted above, Young's objections relate to the merits of his claims, leading this court to examine the Magistrate Judge's decision regarding those issues under the findings and recommendations ("F&R") framework. This court reviews de novo those portions of an F&R to which objection is made and may accept, reject, or modify, in whole or in part, the F&R/Order made by Magistrate Judge Kurren. The court may also receive further evidence on the matter or recommit it to the Magistrate Judge with instructions. The court may accept those portions of the Magistrate Judge's F&R/order that are not objected to if it is satisfied that there is no clear error on the face of the record. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2; Int'l Longshore & Warehouse Union, Local 142, AFL-CIO v. Foodland Super Market Ltd., 2004 WL 2806517, *1 (D. Haw. Sept. 15, 2004); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003), aff'd, 389 F.3d 880 (9th Cir. 2004); Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); see also Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974).

III.     THE COURT ADOPTS THE F&R/ORDER.

     A.     The Ten Defendants Are Dismissed With Prejudice.

Young's motion sought the dismissal of ten Defendants named in both the original complaint in this matter and the proposed amended complaint attached to the original November 2009 motion for leave to file an amended complaint.  Some of those Defendants had immunity with respect to Young's claims.  It is unclear why others were named as Defendants, given the lack of specific factual allegations against them.  When Young abandoned his claims against these Defendants, choosing not to reassert the dismissed claims in his simplified proposed amended complaint, Magistrate Judge Kurren concluded that dismissal of the claims against them with prejudice was appropriate.  See F&R/Order at 4-5.  This court would not normally "dismiss" anyone who is not procedurally a defendant in a case.  In this case, the court had already dismissed the ten Defendants on November 6, 2009.  Young sought to re-include them, then sought to "un-include" them by filing a motion to dismiss them.  He was thus indicating that he was abandoning and waiving any claim he may have had against those Defendants for all purposes, including appeal.  Under these circumstances, allowing Young to use the "dismissal" nomenclature he has adopted is justified.

Young now objects not to the dismissal, which he sought, but to the proviso that the dismissal be with prejudice.

Young argues that the dismissal should be without prejudice because "[m]ore evidence may be discovered; Plaintiff should not be barred from recovery based on Plaintiff's limited knowledge today based on no discovery." See Objections at 6. This argument suggests that Young at this time has no factual basis for a claim against any of the ten Defendants. Young's original naming of the ten Defendants was therefore wrongful. This history of bringing unfounded claims is more than sufficient to justify dismissal with prejudice. Young does not even suggest what evidence discovery might ultimately yield. Moreover, if Young does discover facts supporting a claim against any of these Defendants, dismissal with prejudice does not rob him of the opportunity to seek appropriate relief based on the newly discovered evidence. A dismissal with prejudice instead removes his ability to proceed against the ten Defendants without obtaining such relief. Accordingly, to the extent the F&R/Order determined that dismissal of the ten Defendants should be with prejudice, the court adopts the F&R/Order.

        B.    Young's Claims Against Vrechek Are Not Properly Brought In This Court.

Young is one of the beneficiaries of Mother's Trust. Young is unhappy with the Trustee's handling of the Trust and has accused the Trustee of various misdeeds and has attempted to have the Trustee removed. See Proposed First Amended Complaint ¶¶ 1, 2. The master appointed by the probate court told the probate

court that, although Young wants to be the trustee of the Trust, Young would not be an appropriate trustee because Young has been seeking to withhold gifts to other beneficiaries of the Trust. See Report of Special Master Concerning Beneficiary Mark WS Young's Petition to Remove Trustee (Feb. 29, 2008) (attached as Exhibit 2 to Young's initial motion to amend his complaint). The probate court denied Young's request to remove Vrechek from his position as Trustee of Mother's Trust. See Proposed First Amended Complaint ¶ 4.

In Count 1 of the simplified proposed amended complaint, Young asserts fraud, alleging that false representations were made to the probate court about Vrechek's fitness to be the Trustee. Young says that the probate court relied on those representations to Young's detriment in refusing to remove Vrechek as Trustee. Young says that $49,000 disappeared from the Trust's assets under Vrechek.

In Count 2 of the simplified proposed amended complaint, Young says that Vrechek committed abuse of process by filing written opposition in the probate court to Young's request that Vrechek be removed as Trustee.

In Count 3 of the simplified proposed amended complaint, Young asserts that Vrechek converted Trust assets through false representations to the probate court.

In Counts 4 and 5 of the simplified proposed amended complaint, Young asserts that Vrechek was negligent and grossly negligent in administering the Trust, having allowed $49,000 to disappear from the Trust's assets. Although the Trust had multiple beneficiaries whose interests were adverse, Young is essentially arguing that the Trustee violated his duties by not acting in a manner that benefitted only Young. As noted earlier, Young has raised these issues in the probate court and has attempted to have Vrechek removed as Trustee. See, e.g., Report of the Master Concerning Beneficiary Mark WS Young's Petition to Remove Trustee (Doc. 1-3). When the probate court rejected Young's arguments (or ruled that an accounting might resolve whether $49,000 was indeed missing from the Trust's assets), Young's remedy was to complete probate court proceedings and then to appeal the probate court's decision through the state-court appellate system, not to file a claim in this court raising essentially the same issues. Whether under the probate exception, Younger abstention, or the Rooker-Feldman doctrine, Young's claims are not properly in this court.

As the Magistrate Judge correctly determined, Young is attempting to litigate the same claims he made to the probate court. To the extent Young seeks to raise issues concerning Vrechek's actions as Trustee of Mother's Trust, he has already made those arguments in the probate court, which has jurisdiction

to administer trusts.  The probate court is the proper court to decide those issues.  See Marshall v. Marshall, 547 U.S. 293, 311-12 (2006) ("the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court").  Young's attempt to circumvent the probate court proceedings by naming the Trustee and his attorneys in this court in their individual capacities is unavailing.

In addition, to the extent there are ongoing probate proceedings concerning the Trust, this court abstains from adjudicating Young's claims under Younger v. Harris, 401 U.S. 37 (1971).  See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).  This is one of the unusual cases in which abstention is appropriate.  See World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987).  Under Younger and its progeny, abstention is appropriate in favor of a state proceeding if: 1) the state proceedings are ongoing; 2) the proceedings implicate important state interests; and 3) the state proceedings provide an adequate opportunity to raise federal questions.  Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988).  Young appears to be attempting to circumvent the probate court action by filing this case.  But the essence of Young's claims is the same here and in the ongoing

probate court proceedings--whether the Trust is being properly administered and whether other beneficiaries are entitled to any of the Trust's assets. The probate court matter implicates the important state interest of interpreting and giving effect to testamentary documents. Young's claims in the present case against Vrechek, couched as a claim against Vrechek in his individual capacity, actually raise the same challenge to Vrechek as Trustee that Young has been unsuccessfully litigating in probate court.

This court will not act essentially as an appellate court over the probate court's decisions. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Young's case fails under the Rooker-Feldman doctrine, which provides: "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)). If Young is dissatisfied with the probate court's rulings, his remedy is to appeal those rulings through the state appellate system. Because it would be futile to allow Young to assert his proposed claims against Vrechek, the Magistrate Judge properly denied Young leave

to file his simplified proposed amended complaint against Vrechek.

>      C.   The Magistrate Judge Correctly Determined that <u>Kanemitsu and Tani Owed No Duty to Young.</u>

Young says that, with respect to his proposed negligence claim, the Magistrate Judge erred in determining that Kanemitsu and Tani owed no duty to him. Young argues that, under <u>Blair v. Ing</u>, 95 Haw. 247, 21 P.3d 452 (2001), Kanemitsu and Tani owed such a duty. This court disagrees.

In <u>Blair</u>, the Hawaii Supreme Court adopted a six-factor test to determine "whether to impose a duty on attorneys to non-client beneficiaries in the estate planning context." <u>Id.</u> at 261, 21 P.3d at 466. A court must examine:

> (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury; (5) the policy of preventing future harm; and (6) whether imposing liability placed an undue burden upon the legal profession.

<u>Id.</u> at 254, 21 P.3d at 459.

With respect to Young's negligence claim, the Magistrate Judge denied leave to file the simplified proposed amended complaint because that document did not include a negligence claim based on a cognizable duty owed to Young. The simplified proposed amended complaint premised the negligence

11

claims against Kanemitsu and Tani on their duties as attorneys. Specifically, paragraph 15 alleged that "Kanemitsu and Tani had a duty to report Vrechek's misconduct under Hawaii Probate Rule 42 and a duty of candor and a common law duty to protect the assets of the Sharon Young trust."

As the Magistrate Judge correctly noted, no duty to Young arose out of Probate Rule 42, which states in relevant part:

> An attorney for a[] . . . trust does not have an attorney-client relationship with the beneficiaries of the . . . trust . . . , but shall owe a duty to notify such beneficiaries . . . of activities of the fiduciary actually known by the attorney to be illegal that threaten the security of the assets under administration or the interest of the beneficiaries.

Hawaii Probate Rules, Rule 42(b). The simplified proposed amended complaint did not allege that either Kanemitsu or Tani actually knew of any illegal activities by Vrechek. Given Young's history in this case of making spurious allegations against various Defendants without any factual basis, this omission is enlightening.

This case is unlike <u>Blair</u>, in which the Hawaii Supreme Court imposed on an attorney a duty to nonclient beneficiaries of a trust to create the trust properly. <u>Blair</u>, 95 Haw. at 262-63, 21 P.3d at 467-68. In other words, the court allowed a negligence claim to be brought by the beneficiaries of a trust

against the attorney who had allegedly drafted the trust negligently.  In <u>Blair</u>, Lloyd and Joan Hughes hired an attorney to create an estate plan for the disposition of their assets. The attorney thereafter drafted a revocable living trust agreement.  After Lloyd and Joan Hughes died, the residual beneficiaries hired other attorneys and accountants to review the testamentary documents.  These attorneys and accountants told the beneficiaries that the trusts had been improperly drafted, allegedly causing the estate to be subject to federal and state taxes.  <u>Blair</u>, 95 Haw. at 250-51, 263, 21 P.3d at 455-56, 468. Because the trusts were supposed to be drafted to benefit the residual beneficiaries, they were allowed to assert a claim against the drafting attorney for the negligence in the drafting of the trust instruments.

Nothing in the present case indicates that Kanemitsu or Tani provided any professional services intended to benefit Young.  In the probate court proceedings, Young sought the removal of Vrechek as Trustee of Mother's Trust, arguing that other Trust beneficiaries were not entitled to Trust assets. Kanemitsu and Tani represented Vrechek in connection with those assertions.  Young argues that, because Vrechek and his attorneys--Kanemitsu in his representative capacity and Tani in his individual capacity--did not do what Young wanted, they must not have been acting in the best interest of the Trust's

13

beneficiaries. This makes no sense, especially as there were multiple beneficiaries with adverse interests. Young is simply incorrect in his assertion that Kanemitsu represented every beneficiary of the Trust. Unlike the attorney who owed a duty to the beneficiaries in <u>Blair</u> to properly draft the trust instrument, Kanemitsu and Tani represented Vrechek in a adversarial proceeding brought by Young. The attorneys' duties were to the Trustee, who was supposed to act in the best interest of the Trust, not the best interests of one of the beneficiaries. It would, under the circumstances, have been impossible for any attorney to have satisfied the competing duties Young identifies. Accordingly, even under the six-factor test set forth in <u>Blair</u>, Kanemitsu and Tani owed no duty to Young, their client's adversary.

> D.   There is No Clear Error in the Remaining Parts of the F&R/Order.

With respect to the issues raised by Young here, the court has examined Young's arguments <u>de novo</u> and rejected them. Young does not take issue with every fact found and conclusion reached by the Magistrate Judge. Accordingly, finding no error in the remaining parts of the F&R/Order that Young has not appealed from or otherwise objected to, the court adopts the remainder of the F&R/Order.

IV.     CONCLUSION.

For the reasons set forth above, this court adopts and incorporates herein the thorough and well-reasoned F&R/Order.  As requested by Young, claims against the ten Defendants are dismissed.  Over Young's objection, the court orders that dismissal to be with prejudice, as Young has abandoned and waived any claims against those Defendants by asking this court to dismiss those claims.  The court denies Young leave to file any amended complaint, as the proposed amendments would be futile.  The Clerk of Court is directed to enter judgment consistent with this order and the November 6, 2009, order dismissing the original complaint, and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 22, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Young v. Bishop Estate, et al.; Civil No. 09-00403 SOM/BMK; ORDER ADOPTING THE FEBRUARY 26, 2010, MAGISTRATE JUDGE FINDINGS AND RECOMMENDATION AND ORDER ALLOWING PLAINTIFF TO DISMISS TEN DEFENDANTS AND DENYING LEAVE TO FILE AN AMENDED COMPLAINT