IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK W.S. YOUNG, | ) | CIVIL NO. 09-00403 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | DEFAULT JUDGMENT; ORDER |
| vs. | ) | AFFIRMING MAGISTRATE JUDGE |
| | ) | ORDER DENYING ECF NOS. 164 |
| JAMES FRANCIS VRECHEK, | ) | AND 166; ORDER DENYING MOTION |
| | ) | TO ESTABLISH DUTY OF CARE |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT; ORDER AFFIRMING MAGISTRATE JUDGE ORDER DENYING ECF NOS. 164 AND 166; ORDER DENYING MOTION TO ESTABLISH DUTY OF CARE**

I.     **INTRODUCTION.**

On August 26, 2009, Plaintiff Mark W.S. Young filed the original Complaint in this matter, alleging that, while his mother, Sharon Marie Yust Young, was in a hospice and was medicated, she made gifts totaling $485,000 to religious groups and advisors from her $1.2 million trust ("Trust"). The original Complaint named as Defendants a large charitable institution with land holdings and schools, as well as its trustees, a law firm and one of its partners, the trustee of the Trust, and several state-court judges. The original Complaint was difficult to decipher, given its length, references to the felony murder rule and various other crimes, and accusations that the state-court system was rigged because the state-court judges were involved with organized crime. See Complaint (Aug. 26, 2009).

Following dismissal by this court, Young appealed. The Ninth Circuit affirmed in part and reversed in part. Now before this court on remand is Young's First Amended Complaint, filed on April 11, 2013. The First Amended Complaint asserts claims only against Defendant James Francis Vrechek, the trustee of the Trust, for various breaches of fiduciary duties owed to the Trust. The claims are asserted against Vrechek only in his individual capacity. See ECF No. 178.

Before the court are various motions filed by Young and his appeal from a Magistrate Judge's ruling.

On April 26, 2013, Young moved for default judgment, arguing that Vrechek had not timely filed an answer to the First Amended Complaint. See ECF No. 187. April 26 was 15 days after the First Amended Complaint was electronically served. Vrechek timely answered the First Amended Complaint on April 29, 2013, within 17 days (the 14-day response period plus an additional 3 days for service). See ECF No. 189. The motion for default judgment is therefore meritless.

On April 4, 2013, Young filed a motion that sought to compel Vrechek's attorney, Jerry Ruthruff, to explain why the Trust had not completed distribution of Trust assets by April 15, 2013, as Ruthruff had allegedly told the Ninth Circuit Court of Appeals would occur. See ECF No. 164. On April 5, 2013, Young filed a motion that sought to compel Ruthruff to file a motion to

intervene in this case on behalf of the Trust.  See ECF No. 166. After a hearing on May 16, 2013, Magistrate Judge Barry M. Kurren orally denied both of these motions.  See ECF No. 205.  Young has appealed from that order.  See ECF No. 223.  This court affirms the oral order of May 16, 2013.

On May 14, 2013, Young filed a motion to set the standard of care for this case.  Because Young fails to meet his initial burden of showing entitlement to such relief, the motion is denied without prejudice.

**II.        ANALYSIS.**

**A.  The Court Denies the Motion for Default Judgment, as Vrechek Timely Answered the First Amended Complaint.**

Young filed his First Amended Complaint on April 11, 2013.  See ECF No. 178.  On April 26, 2013, not having bothered to seek entry of default under Rule 55(a) of the Federal Rules of Civil Procedure, Young filed a motion under Rule 55(b) for default judgment against Vrechek, contending that the First Amended Complaint was served on him via the court's CM/ECF system on April 11, 2013, and that no answer had been filed by April 25, 2013.  See ECF No. 187.  On May 27, 2013, Vrechek opposed the motion, arguing that his answer had been filed only one day past the 14-day deadline because of a misunderstanding.  See ECF No. 218.  Because the court has determined that the answer was timely

3

filed on April 29, 2013, the court disregards the opposition and denies the motion.

Rule 15(a)(3) of the Federal Rules of Civil Procedure states that, unless the court orders otherwise, "any required response to an amended pleading must be made within the remaining time to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

Pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, a party may serve a paper by electronic means if the person consents in writing.

Pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, when a party "must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  Local Rule 6.1 provides, "Unless otherwise specified in these rules, time periods prescribed or allowed shall be computed in accordance with Fed. R. Civ. P. 6 and other applicable court rules."

Because the First Amended Complaint was served electronically pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, the answer was due 14 days after service plus 3 additional days.  In this case, the answer was due on Sunday, April 28, 2013, because the First Amended Complaint was served via CM/ECF on April 11, 2013.  Pursuant to Rule 6(a)(1)(C) of the

Federal Rules of Civil Procedure, because the last day of the period was a Sunday, the answer became due the following day, April 29, 2013. The answer to the First Amended Complaint was filed on April 29, 2013, which was timely. Accordingly, the motion for default judgment lacks the requisite factual predicate and is denied without a hearing, as permitted by Local Rule 7.2(d).

### B. The Court Affirms the Denial of ECF Nos. 164 and 166.

Young filed motions seeking to compel Vrechek's attorney, Jerry Ruthruff, to explain why the Trust had not completed distributing Trust assets by April 15, 2013, and to have Ruthruff file a motion to intervene in this case on behalf of the Trust or possibly to have him sanctioned for his failure to file such a motion. See ECF Nos. 164 and 166. At a hearing on May 16, 2013, Magistrate Judge Barry M. Kurren orally denied both of these motions. See ECF No. 205. The Magistrate Judge denied the motion seeking the attorney's explanation as to why a distribution had not yet been made because it did not go to any claim or defense and was therefore not relevant to any matter before the court. The Magistrate Judge denied the motion seeking to force the attorney to file a motion to intervene, noting that the First Amended Complaint only sought to hold Vrechek liable for improprieties regarding management of the Trust's assets. Young has appealed. See ECF No. 223. This court affirms.

Under Local Rule 74.1 and 28 U.S.C. § 636(b)(1)(A), this district judge may set aside Magistrate Judge Kurren's order if it is "clearly erroneous or contrary to law." See Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991). The threshold of the "clearly erroneous" test is high. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed."). Neither of the Magistrate Judge's decisions was clearly erroneous.

In ECF No. 164, Young seeks to require Vrechek's attorney to explain a statement he allegedly made to the Ninth Circuit about when the Trust would distribute the Trust's assets. Even assuming Ruthruff made the statements Young attributes to him, the Magistrate Judge correctly noted that Young's motion was unrelated to any claim or defense relevant to issues raised by the First Amended Complaint. The motion was therefore properly denied.

In ECF No. 166, Young sought to force Ruthruff to file a motion to intervene on behalf of the Trust (or perhaps to have

6

Ruthruff sanctioned for failing to do so). Because the only claims asserted in the First Amended Complaint pertain to Vrechek's alleged mismanagement of the trust, the Magistrate Judge correctly denied Young's motion. On appeal, Young argues for the first time that Ruthruff is allegedly improperly charging the Trust for defending Vrechek in this action. Because that issue was not clearly raised in the motion, the court will not, absent exceptional circumstances not present here, entertain it for the first time on appeal. See In re Home America T.V.-Appliance Audio, Inc., 232 F.3d 1046, 1052 (9th Cir. 2000); JJCO, Inc. v. Isuzu Motors Am, Inc., 2009 WL 3569600, *6 (D. Haw. Oct. 30, 2009). The court also discerns no reason to sanction Ruthruff under the circumstances presented here.

Accordingly, the court affirms the Magistrate Judge's denial of Young's motions filed as ECF Nos. 164 and 166.

### C. The Court Denies the Motion to Set Standard of Care, ECF No. 198.

Young's motion to set the standard of care, ECF No. 198, argues that, because Vrechek represented himself to be a Certified Public Accountant, the standard of care he owes as trustee of the Trust should be that of a CPA. The motion is denied because it fails to meet Young's initial burden of showing entitlement to the relief requested. The motion fails to discuss how Vrechek's status as a CPA affects any duty of care at issue in this case. Young utterly fails to describe any duty of care

7

Young claims Vrechek owes or owed to the Trust.  Young's mere reference to a "heightened standard" is insufficient to identify the relief he is requesting.  Accordingly, the court denies the motion to set standard of care without holding a hearing, as permitted by Local Rule 7.2(d).

**III.    CONCLUSION.**

The court denies Young's motion for default judgment (ECF No. 187).  The court also affirms the denial of Young's motion to compel Vrechek's attorney to explain why the Trust did not complete distributing Trust assets by a certain date and Young's motion seeking to force the attorney to file a motion to intervene on behalf of the Trust or to face sanctions (ECF Nos. 164 and 166).  Finally the court denies the motion to set the standard of care (ECF No. 198), without prejudice to the filing of a motion better indicating the relief sought in this regard and the bases for such relief.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Young v. Bishop Estate, et al.; Civil No. 09-00403 SOM/BMK; ORDER DENYING MOTION FOR DEFAULT JUDGMENT; ORDER AFFIRMING MAGISTRATE JUDGE ORDER DENYING ECF NOS. 164 AND 166; ORDER DENYING MOTION TO ESTABLISH DUTY OF CARE