IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK W.S. YOUNG, | ) | CIVIL NO. 09-00403 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | STRIKE AFFIRMATIVE DEFENSES |
| vs. | ) | (ECF NO. 200); ORDER DENYING |
| | ) | MOTION TO TEST SUFFICIENCY OF |
| JAMES FRANCIS VRECHEK, | ) | ANSWER (ECF NO. 208) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO STRIKE
AFFIRMATIVE DEFENSES (ECF NO. 200);
ORDER DENYING MOTION TO TEST SUFFICIENCY OF ANSWER (ECF NO. 208)**

I.      **INTRODUCTION.**

The First Amended Complaint of April 11, 2013, asserts claims only against Defendant James Francis Vrechek, the trustee of a Trust set up by Plaintiff Mark W.S. Young's mother.  Young alleges that Vrechek has breached fiduciary duties owed to the Trust and/or its beneficiaries, including Young.  Vrechek is sued only in his individual capacity.  See ECF No. 178.

Before the court is Young's motion to strike the affirmative defenses asserted in Vrechek's Answer of April 29, 2013, and motion to deem certain allegations admitted.  The motions are denied without a hearing, as allowed by Local Rule 7.2(d).

II.        **ANALYSIS.**

>   **A.   The Motion to Strike Affirmative Defenses is Denied.**

A court "'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Rule 12(f) of the Federal Rules of Civil Procedure).  The goal of a motion to strike is to avoid the expense of litigating spurious issues by dispensing with them before trial. Sidney—Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); Ill. Ntl. Ins. Co. v. Nordic PCL Constr., Inc., 870 F. Supp. 2d 1015, 1039 (D. Haw. 2012).  When ruling on a motion to strike, the court must view the pleading in question in the light most favorable to the nonmoving party. EEOC v. Global Horizons, Inc., 860 F. Supp. 2d 1172, 1181 (D. Haw. 2012). The grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed.  See Nordic PCL, 870 F. Supp. 2d at 1039.

The striking of a defense is a "drastic remedy" that is seldom ordered unless the allegations in the pleading have no possible relation to the controversy and may cause prejudice to one of the parties.  See 5C Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1380 (3d ed. 2004).  In other words, motions to strike are disfavored in the absence of prejudice.  See Nordic PCL, 870 F. Supp. 2d at 140.  A district

court in Florida has stated, "Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters', and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc., 719 F. Supp. 1072, 1073 (M.D. Fla. 1989).

Many of Young's challenges to the affirmative defenses ask this court to adopt Young's view of the facts.  This is an approach more appropriately advocated in a motion for summary judgment or at trial.  For example, in seeking to have the court strike Vrechek's contention in Paragraph 19 of the Answer that Young's brother is an indispensable party, Young "respectfully disagrees" with Vrechek.  At most, Young raises the issue and states his disagreement, while failing to show on the present motion that this defense is insufficient, redundant, immaterial, impertinent, or scandalous.  The court therefore declines to strike that affirmative defense.

Young similarly seeks to have the court strike the defense set forth in Paragraph 20 of the Answer, which states that Vrechek had the right to rely on the advice of counsel. Because Young fails to show on the present motion that this defense is insufficient, redundant, immaterial, impertinent, or scandalous, he is not entitled to have it stricken.

3

Young asks the court to strike the mitigation of damages defense set forth in Paragraph 21 of the Answer. Young says that mitigation of damages is no longer an affirmative defense. In support of that argument, Young cites Steigman v. Outrigger Enterprises, Inc., 126 Haw. 133, 267 P.3d 1238 (2011). Steigman is entirely inapposite. The court could locate the word "mitigation" only once in that case in a parenthetical citation describing the holding of a Mississippi case that stated, "[T]he trial judge erred in construing the open and obvious defense as a complete bar when it really is only a mitigation of damages on a comparative negligence." Id. at 145, 267 P.3d at 1250. This court sees nothing in Steigman that eliminates the viability of the defense asserted in Paragraph 21. Because Young fails to demonstrate on the present motion that mitigation of damages is no longer recognized as a affirmative defense, the court declines to strike Paragraph 21 of the Answer.

Young asks the court to strike Paragraphs 22 and 24 of the Answer because they assert that Young caused his own damages and was also contributorily negligent. Young fails to show that his own alleged fault is irrelevant to his damages. See Haw. Rev. Stat. § 663-31. Accordingly, the court declines to strike Paragraphs 22 and 24 of the Answer.

Young similarly fails to show why the court should strike Paragraph 23 of the Answer. That paragraph asserts that

Young assumed the risk that his actions would cause the damages he allegedly suffered.   Citing Yoneda v. Tom, 133 P.3d 796, 801 (2006), Young says that the Hawaii Supreme Court has abolished the implied assumption of the risk doctrine.   Young's citation to a case without any explanation as to why it applies to the facts of this case is insufficient to demonstrate that the defense asserted in Paragraph 23 is in any way insufficient.   Yoneda states that "secondary" implied assumption of risk has been merged with comparative negligence.   Id.   However, because the court cannot with certainty tell why Young may be said to have assumed the risk that his own actions would cause his damages, the court cannot address the applicability of Yoneda.   Again, the applicability of Yoneda is an issue more appropriately addressed via a motion for summary judgment.

Young seeks to have the defenses asserted in Paragraphs 25 and 26 of the Answer stricken because they seek equitable relief.   He claims that Vrecheck cannot resort to equity because Vrechek has unclean hands.   This court will not strike a defense when the very reason for striking that defense will obviously be controverted.   Young would have this court strike the defense before the court determines whether Vrechek has done anything wrong.

Young also seeks to have the defense asserted in Paragraph 27 of the Answer stricken.   That defense asserts that

Young waived his right to assert certain claims.  Young asks this court to examine the waiver language contained in a settlement agreement and the circumstances surrounding the execution of that agreement and rule that it does not apply.  Again, this is a matter more suited to a summary judgment motion.  The court will not strike a defense when the factual predicate for doing so is not clear from the Answer and instead appears to be in dispute.

Finally, Young seeks to have the court strike the defense of issue and/or claim preclusion asserted in Paragraph 28 of the Answer because Young thinks the previous settlement does not apply to the claims asserted in this case.  Again, the court declines to strike that language because what the settlement agreement may preclude has not been determined.

### B.   The Motion to Test Sufficiency of Answer is Denied.

Young filed a motion to deem allegations contained in the First Amended Complaint to be admitted because Vrechek's Answer was evasive and argumentative.  <u>See</u> ECF No. 208.  The motion is denied.

In Paragraph 2 of the First Amended Complaint, Young alleges that Vrechek is sued only as an individual.  Vrechek's Answer acknowledges this allegation, but correctly notes that Young may be asserting claims pertaining to matters unrelated to the individual liability of Vrechek.  The Ninth Circuit allowed Young to amend the original Complaint to assert individual

6

liability claims against Vrechek.  That does not mean that Young's First Amended Complaint is so limited.  In other words, just because Young says his claims are limited to those allowed by the Ninth Circuit does not mean that he is correct.  Vrechek may file an appropriate motion, if legally and factually supported, seeking dismissal of claims not authorized by the Ninth Circuit's decision.  The court will not automatically deem all of Young's claims to be so authorized.

In Paragraph 5 of the First Amended Complaint, Young alleges, "All conditions precedent have been performed or have occurred or have been waived."  Vrechek's answer responds by saying that this allegation is vague and confusing and that Vrechek does not know what facts Young is referring to.  Young now asks the court to deem Paragraph 5 to be admitted because Vrecheck did not deny the facts with particularity.  The court agrees with Vrechek that the allegations of Paragraph 5 are insufficiently supported by factual assertions.  Accordingly, the court does not deem Paragraph 5 to be admitted.

Young also takes issue with Vrechek's answers to Paragraphs 16 to 26, 28 to 30, 39, 40, 48, 49, 59, and 69 of the First Amended Complaint, arguing that the answers are evasive, argumentative, and ambiguous.  Young may disagrees with the substance of the Answer, but that by no means justifies a ruling deeming Young's allegations to be admitted.  Such disagreements

are more properly the subject of a motion for summary judgment or for trial.

To the extent Young seeks to strike the request for attorneys' fees and costs because the Answer does not cite a basis for seeking them, the request is denied.  Answers to complaints are not required to contain such citations.

**III.      CONCLUSION.**

Because Young fails to demonstrate that any part of the Answer should be stricken, his motion to strike (ECF No. 200) is denied.  Similarly, because Young fails to demonstrate any reason that any of his allegations should be deemed admitted, his motion to test the sufficiency of the Answer (ECF No. 208) is denied.

Given the number of motions filed in this case, the court anticipates having to rule on many more motions (and appeals from Magistrate Judge orders) in this case.  Before filing any motion or appeal, a movant should examine the legal and factual bases supporting it.  Any motion or appeal lacking a

legal and/or factual foundation wastes time and money, and a movant considering any motion should ensure that there is an adequate foundation.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2013.



 /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Young v. Bishop Estate, et al.; Civil No. 09-00403 SOM/BMK; ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES (ECF NO. 200); ORDER DENYING MOTION TO TEST SUFFICIENCY OF ANSWER (ECF NO. 208)