```
              IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

MARK W.S. YOUNG,                )   CIVIL NO. 09-00403 SOM-BMK
                                )
          Plaintiff,            )   ORDER AFFIRMING MAGISTRATE
                                )   JUDGE ORDER (ECF NO. 242)
     vs.                        )   THAT DENIED PLAINTIFF'S
                                )   MOTION TO DISQUALIFY
JAMES FRANCIS VRECHEK,          )   DEFENDANT'S COUNSEL (ECF NO.
                                )   184)
          Defendant.            )
                                )
_____ )
```

**ORDER AFFIRMING MAGISTRATE JUDGE ORDER (ECF NO. 242)
THAT DENIED PLAINTIFF'S MOTION TO
DISQUALIFY DEFENDANT'S COUNSEL (ECF NO. 184)**

I.   **INTRODUCTION.**

On August 26, 2009, Plaintiff Mark W.S. Young filed the original Complaint in this matter, alleging that, while his mother, Sharon Marie Yust Young, was in a hospice and was medicated, she made gifts totaling $485,000 to religious groups and advisors from her $1.2 million trust ("Trust"). The original Complaint named as Defendants a large charitable institution with land holdings and schools, as well as its trustees, a law firm and one of its partners, James Vrechek (the Trustee of the Trust), and several state-court judges. The original Complaint was lengthy and included references to the felony murder rule and various other crimes, as well as allegations that the state-court judges were involved with organized crime. See Complaint (Aug. 26, 2009).

This court previously dismissed all of Young's claims and denied him leave to amend his Complaint. The Ninth Circuit partially reversed this court, vacating this court's order denying Young leave to file amended claims against Vrechek. On remand, Young has amended his Complaint, asserting claims only against Vrechek in his individual capacity. See ECF No. 178.

Now before this court is Young's motion seeking to disqualify Vrechek's counsel, Jerry Ruthruff. The gist of Young's argument is that Vrechek's counsel also allegedly represents the Trust (or Vrechek, in his Trustee capacity), and has allegedly filed materials in this case on behalf of the Trust (or its Trustee), in essence allegedly bringing the Trust into the present dispute as an intervenor. See Plaintiff's Motion to Disqualify Attorney Jerry Ruthruff for a Conflict of Interest at 2, ECF No. 184, PageID # 2224 (referring to the Trust as the "Intervenor Trust"); Plaintiff's Memorandum in Support of Motion to Disqualify Counsel at 1-2, ECF No. 184-1, PageID #s 2226-27 (contending that Ruthruff appeared as the attorney for the "Intervenor Trust" based on a possibly mistaken reference in Vrechek's motion to dismiss).

In the motion to disqualify Ruthruff, Young claims that Ruthruff, representing the Trust (or its Trustee), has a conflict of interest in this matter because Ruthruff must also be representing Young as a beneficiary of the Trust. However,

2

Young's motion to disqualify provides insufficient support for the contention that Ruthruff is representing the Trust (or its Trustee) in this case or that he is receiving payment from the Trust corpus.

Young admits that he is now suing Vrechek only in his individual capacity, meaning that the Trust is not a party to this action. See Plaintiff's Memorandum in Support of Motion to Disqualify Counsel at 2, ECF No. 184-1, PageID #s 2227.  In fact, it is not at all clear that the Trust could be a party to this action. See, e.g., Larson v. United Healthcare Ins. Co., -- F.3d --, 2013 WL 3836236 (7th Cir. July 26, 2013) ("At common law a trust cannot sue or be sued because it is not a juristic person." (quotation marks omitted)); Kaho`ohanohano v. State, 114 Haw. 302, 326, 162 P.3d 696, 720 (2007) (indicating that the trustees of a trust have the power and the duty to institute actions and proceedings for the protection of the trust estate).  Rather than adopt Young's reference to the "Intervenor Trust," the court deems those references to refer to Vrechek as Trustee of his mother's trust.

Young's motion fails to establish that Ruthruff is representing Vrechek both individually and as Trustee.  The Magistrate Judge was therefore correct in determining that Young failed to establish that Ruthruff has a conflict of interest because, in allegedly representing the Trust or its Trustee,

Ruthruff allegedly owed an attorney's duty to Young, a Trust beneficiary. See ECF No. 242. The Magistrate Judge's ruling is affirmed.

**II.     STANDARD.**

Under Local Rule 74.1 and 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law." See Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991). The threshold of the "clearly erroneous" test is high. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

**III.    ANALYSIS.**

The court affirms the Magistrate Judge's order denying Young's motion to disqualify Ruthruff.[1] The Magistrate Judge did

---

[1] Local Rule 74.1 requires delivery to this judge of two courtesy copies of briefs, exhibits, and orders relevant to this appeal. Young has not complied with Local Rule 74.1. In all future appeals of Magistrate Judge orders or findings and recommendations, Young must provide the court with courtesy copies of relevant briefs, exhibits, and orders. Failure to do so may result in the imposition of sanctions.

not clearly err in determining that Young failed to establish any attorney-client relationship relating to what he called the "Intervenor Trust." Other than a reference to a 2009 motion to dismiss filed by Vrechek, Young's motion was devoid of any actual evidentiary support. The motion to dismiss filed by Vrechek on January 10, 2009, was signed by Vrechek's attorneys, Edward J. Bybee and Ruthruff. Young's disqualification motion is premised on the attorneys' listing of themselves on the first page of the moving papers as representing Vrechek, "Trustee of the Sharon M. Y. Young Revocable Living Trust Agreement dated April 28, 1996." ECF No. 46, PageID # 768.

Young does not explain why a reference to Vrechek as Trustee should be deemed to establish an attorney-client relationship between Young and Ruthruff. The text of the document says only that Ruthruff represents Vrecheck. See ECF No. 46-2, PageID # 776. Young fails to establish that the reference to Vrechek as Trustee was not simply a mistake. Young appears to be attempting to exaggerate the import of an apparent mistake. In claiming that Ruthruff has represented the "Intervenor Trust" in this case, Young surely knows that there has not been any attempt by the Trustee (who has duties regarding the Trust) to intervene in this matter. Young is, after all, himself an attorney.

Similarly, Young's earlier submission of a state-court document that his attorney had prepared in which Ruthruff had approved the document as to form in the capacity of attorney for the Trustee does not establish that Ruthruff represented the Trustee in the state-court action. See ECF No. 223-1, PageID # 2822. In fact, Young had earlier attempted to allege that Frank Kanemitsu represented the Trustee in that matter. See Proposed First Amended Complaint ¶ 1, ECF No. 106-3, PageID # 1638.

Even assuming Ruthruff had formally made an appearance on behalf of the Trustee in the state-court proceedings, that fact, by itself, would be insufficient to demonstrate a conflict of interest. Young has not established that, even assuming Ruthruff represented the Trustee, he necessarily also represented the beneficiaries of the Trust. See Wells Fargo Bank v. Sup. Court, 990 P.2d 591, 595 (Cal. 2000) (noting that, under California law, an attorney represents the trustee, not the beneficiaries); Greenleaf Arms Realty Trust I, LLC v. New Boston Fund, Inc., 2013 WL 4027282 (Mass. Sup. Ct. June 11, 2013) ("Because of the potential for the interests of a trustee to conflict with the interests of the trust beneficiaries, courts will not impose a duty on the trustees' attorney to the trust beneficiaries in a traditional trust. . . . Thus, an attorney's representation of the trustees will not create an indirect attorney-client relationship between the attorney and the trust

beneficiaries in a traditional trust." (citations omitted)); Bratcher v. Moriarty, Donoghue & Leja, P.C., 763 N.E.2d 556, 559 (Mass. Ct. App. 2002) ("because the interests of a trustee may at times conflict with the interests of a beneficiary, the duty owed by an attorney to the trustee whom he or she represents may not extend to the beneficiaries"); Huie v. DeShazo, 922 S.W.2d 920, 925 (1996) ("We conclude that, under Texas law at least, the trustee who retains an attorney to advise him or her in administering the trust is the real client, not the trust beneficiaries.").

It appears that the Trustee and Young may have been adverse parties in the state-court proceedings. Accordingly, it does not appear that Young, as a Trust beneficiary, could have been Ruthruff's client. See United States v. Evans, 796 F.2d 264, 265-66 (9th Cir. 1986) (noting that there is no attorney-client privilege between a pension trustee and an attorney advising the trustee as to the administration of the pension plan, as the real clients were the pension beneficiaries; reasoning that the intention of the attorney's advice was to aid the beneficiaries); LNC Invs., Inc. v. First Fidelity Bank, 1997 WL 528283, *43 (S.D.N.Y. Aug. 27, 1997) (stating that an attorney owes no duty of care to a trust beneficiary without a showing that the beneficiary was intended to benefit from the attorney's services; "Given the real potential for conflict between trustees

and beneficiaries, it is highly unlikely that a trustee hires an attorney intending to give the beneficiaries the benefit of the attorney's services.  Rather, the trustee intends to benefit himself by getting confidential legal advice and services to help him perform his duties and responsibilities as trustee.  The beneficiaries may be helped by that advice and those services, or they may not be.  The trustee may make decisions, based on legal advice, which help or hurt the beneficiaries' interests, but any benefit or harm to the beneficiaries is incidental.  Absent evidence of intent, which plaintiffs do not offer here, the beneficiaries of a trust are not ipso facto the intended beneficiaries of the relationship between the trustee and his attorney.").

> The court cannot conclude that an attorney representing a trustee in a claim brought against the trustee by a trust beneficiary necessarily represents the beneficiary as well.  If that were true, no attorney could ever represent a trustee in a proceeding adverse to a beneficiary, as every attorney would have a conflict of interest because he or she would be representing both the trustee and the beneficiary in the adversarial proceeding.  See Buscher v. Boning, 114 Haw. 202, 220, 159 P.3d 814, 832 (2007) (noting that the creation of a duty of care in favor of a party adverse to an attorney's client would create an "unacceptable conflict of interest").

Young's motion to disqualify also attempts to establish an attorney-client relationship by arguing that Ruthruff has billed the Trust. But Young fails to submit any evidence to that effect. Ruthruff submits a Declaration in connection with his Opposition to the Motion, which states, "I have received no payments of any kind from the assets of the Sharon Young Trust for my legal fees or expenses." See ECF No. 219-1.

Even if the court disregards Local Rule 7.4 and considers the arguments raised for the first time in Young's Reply in Support of the Motion to Dismiss (that Ruthruff is threatening to charge the Trust for his attorney's fees in this case), the evidence supporting the new argument merely establishes that Ruthruff has threatened to charge the Trust or believes that he is allowed to charge the Trust. Such evidence does not establish that Ruthruff has actually represented the Trust or its Trustee.

At most, Young refers to a 2011 accounting for the Trust in which $35,000 of "unbilled fees related to the ongoing Federal lawsuit brought by Mark Young" is listed. See ECF No. 226-2, PageID # 2854. That does not establish that Ruthruff is being paid by the Trust, as opposed to being paid by Vrechek. Nor does it establish any reason the Trust might be charged. The document certainly does not establish that the Trust is paying legal fees incurred by Vrechek in his individual capacity, as

9

opposed to possibly being charged for a claim against Vrechek as Trustee by a beneficiary of the Trust. As the Opposition notes, there is authority indicating that reasonable attorney's fees may indeed be charged to a trust for an unsuccessful breach of fiduciary duty claim asserted against a trustee by a beneficiary.

Even if the Trust is being charged by Vrechek, that does not automatically establish that Young, as a beneficiary of the trust, is Ruthruff's client. See Hubbell v. Ratcliffe, 2010 WL 4885631, *6 (Conn. Sup. Nov. 8, 2010) ("the payment of counsel out of trust funds does not convert trust beneficiaries into clients of the trustees' counsel. An attorney's allegiance is to his client, not to the person who happens to be paying him for his services." (quotation marks and citation omitted)). Whether Ruthruff is actually authorized to charge the Trust is not currently before this court. It is enough that Young has failed to establish that Ruthruff has ever actually represented the Trust.

Having failed to establish that Ruthruff owed him any duty as an attorney, Young fails to establish a conflict of interest requiring disqualification of Ruthruff.

**IV.    CONCLUSION.**

The court affirms the Magistrate Judge's denial of Young's motion to disqualify counsel for Vrecheck. See ECF Nos. 184 and 242. This order disposes of Young's objections of July

11, 2013.  See ECF No. 246.  The court rules without a hearing, as permitted by Local Rule 7.2(d).

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, August 19, 2013.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        United States District Judge

Young v. Bishop Estate, et al.; Civil No. 09-00403 SOM/BMK; ORDER AFFIRMING MAGISTRATE JUDGE ORDER (ECF NO. 242) THAT DENIED PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL (ECF NO. 184)