IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK W.S. YOUNG, | ) | CIVIL NO. 09-00403 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING JAMES |
| | ) | VRECHEK'S MOTION TO DISMISS |
| vs. | ) | FOR FAILURE TO JOIN REQUIRED |
| | ) | PARTY |
| JAMES FRANCIS VRECHEK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING JAMES VRECHEK'S MOTION TO
DISMISS FOR FAILURE TO JOIN REQUIRED PARTY**

**I.      INTRODUCTION.**

This action arises out of a dispute between a Trust
beneficiary, Plaintiff Mark W.S. Young, and the Trustee,
Defendant James Francis Vrechek.  Mark Young asserts claims
against Vrechek for breach of fiduciary duty, negligence, gross
negligence, fraud and conversion.  Vrechek seeks dismissal of the
First Amended Complaint for failure to join the co-beneficiary of
the Trust, described by Vrechek as an indispensable party.  The
court grants the motion and dismisses the First Amended
Complaint.

**II.      BACKGROUND.**

Young's original Complaint alleged that, while his
mother, Sharon Marie Yust Young ("Mother"), was in a hospice and
on narcotics, she decided to make gifts totaling $485,000 to
religious groups and advisors from her $1.2 million Trust.  See
Complaint ¶¶ 37-38, ECF No. 1, PageID # 8.  Exhibit 11 to the

Complaint indicates that Mother amended her will and Trust in June 2004 to make the gifts.  That amendment also states that any beneficiary who challenged the gifts would be disinherited.  Mark Young, a Florida attorney in good standing, unsuccessfully challenged these gifts in the state probate court (Case. No. T-05-1-0001).  Young then brought this federal action, originally suing everyone and every legal entity that had had anything to do with what was then the ongoing state probate case, as well as individuals and a charitable trust that had had no direct involvement with the probate court's handling of Mother's Trust or estate.

Young's original Complaint named as Defendants (1) Colleen Hirai, the judge in the underlying state court trust case; (2) Robert Graham, the court-appointed master in the state court case; (3) Graham's law firm, Ashford & Wriston, LLP; (4) James Francis Vrechek, Mother's CPA, who was the Trustee of Mother's Trust; (5) Jason Tani, Vrechek's attorney in the underlying state probate case; (6) Frank Kanemitsu, an attorney who had participated in the underlying state probate case; (7) Ronald R. Sakamoto, another attorney who had participated in the underlying state probate case, and (8-13) Kamehameha Schools, fka Kamehameha Schools Bishop Estate, a large land-based charitable trust, and its trustees, Corbett A.K. Kalama, Diane J.

2

Plotts, J. Douglas Keauhou Ing, Nainoa Thompson, and Robert K.U. Kihune.

Purporting to rely on statements from a book whose co-authors included a law professor and a senior United States district judge, the original five-count Complaint generally alleged that Kamehameha Schools and its various trustees, along with organized crime, had had a corrupting influence on the Hawaii judicial system.  Complaint ¶¶ 24-32.  Young accused Defendants of having engaged in a conspiracy to "rig the state court system to reach conclusions favorable to Bishop Estate Trustees."  Id. ¶ 80.  Other than Young's speculation that the land trust and its trustees had been conspiring with the state judicial system in general, the Complaint was devoid of any specific conduct by Kamehameha Schools or its trustees that was related in any way to Young.

This court dismissed all of the claims asserted in the original Complaint and denied Young leave to amend that Complaint.  The Ninth Circuit partially reversed this court, vacating only the denial by this court of leave to file amended claims against Vrechek.  The Ninth Circuit parsed the application of the probate exception to Young's claims against Vrechek.  See Young v. Bishop Estate, 497 F. App'x 735, 737 (9th Cir. 2012).  The Ninth Circuit concluded that the probate exception was a narrow jurisdictional bar that

> precludes federal courts from endeavoring to
> dispose of property that is in the custody of

> a state probate court.  But it does not bar
> federal courts from adjudicating matters
> outside those confines and otherwise within
> federal jurisdiction.  <u>Marshall v. Marshall</u>,
> 547 U.S. 293, 311-12, 126 S.Ct. 1735, 164
> L.Ed.2d 480 (2006).  Because Young's
> negligence claim against Vrechek "seeks an in
> personam judgment . . . not the probate or
> annulment of a will," <u>id.</u> at 312, 126 S.Ct.
> 1735, it may be properly adjudicated in a
> federal forum."

<u>Young v. Bishop Estate</u>, 497 F. App'x 735, 737 (9th Cir. 2012).

On remand, Mark Young amended his Complaint.  <u>See</u> First Amended Complaint, ECF No. 178.  The First Amended Complaint asserts only individual-capacity claims against Vrechek, the Trustee of the Trust, for various breaches of fiduciary duties owed to the Trust.  <u>See</u> <u>id.</u>  Subject matter jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  <u>See</u> <u>id.</u>

Before this court is Vrechek's motion to dismiss the First Amended Complaint for failure to join a required party under Rule 19(b) of the Federal Rules of Civil Procedure.  <u>See</u> Motion to Dismiss for Failure to Join Required Party ("Motion to Dismiss"), ECF No. 261.  In his motion, Vrechek argues that Keith Young, Mark Young's brother and a co-beneficiary of the Trust, must be joined in the present action, but that joinder is not feasible because Keith Young, as a citizen of Hawaii like Vrechek, would destroy diversity jurisdiction.  <u>Id.</u>  Vrechek contends that, under the general rules of equity, a co-residuary beneficiary is a necessary party in the adjudication of trust

4

actions that involve equitable remedies, such as an accounting or restoration of trust assets.  See Memorandum in Support of Motion to Dismiss, ECF No. 261-1, PageID #s 3360-61.

Vrechek further argues that Keith Young is a necessary party because, if absent, Keith Young would be unable to protect his interest in the Trust, see id., ECF No. 261-1, PageID # 3360, and because Keith Young's absence would expose Vrechek to the risk of a duplicative lawsuit by Keith Young.  Id., PageID # 3361.

In his response, Mark Young appears to misunderstand Vrechek's argument as an attempt to join Keith Young under Rule 19(a).  See Plaintiff Mark Young's Response to Defendant James Francis Vrechek's Motion to Dismiss ("Mark Young's Response to Motion to Dismiss"), EFC No. 267, PageID # 3785.  Mark Young also argues that the lack of diversity issue has become moot because, after the present motion was filed, Keith Young assigned to Mark Young any interest in his legal claims against Vrechek.  See id., ECF No. 267, PageID #s 3782-83.

The court concludes that Keith Young is a necessary party whose joinder would destroy diversity.  The court declines to allow this case to proceed in this court in his absence. Accordingly, the court dismisses the First Amended Complaint without prejudice, leaving Mark Young to pursue his claims in state court.

III.      **LEGAL STANDARD**.

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that an action may be dismissed for failure to join a party under Rule 19 of the Federal Rules of Civil Procedure.  To determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside the pleadings. McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960); Walter v. Drayson, Civ. No. 06-00568 SOM/KSC, 2007 WL 641413, at *4 (D. Haw. Feb 26, 2007).

IV.       **ANALYSIS**.

Rule 19 of the Federal Rules of Civil Procedure governs compulsory joinder in federal district courts.  EEOC v. Peabody W. Coal Co., 400 F.3d 774, 778 (9th Cir. 2005).  In relevant part, Rule 19(a) provides:

> A person who is subject to service of process
> and whose joinder will not deprive the court
> of jurisdiction over the subject matter of
> the action shall be joined as a party in the
> action if (1) in the person's absence
> complete relief cannot be accorded among
> those already parties, or (2) the person
> claims an interest relating to the subject of
> the action and is so situated that the
> disposition of the action in the person's
> absence may (i) as a practical matter impair
> or impede the person's ability to protect
> that interest or (ii) leave any of the
> persons already parties subject to a
> substantial risk of incurring double,
> multiple, or otherwise inconsistent
> obligations by reason of the claimed
> interest.  If the person has not been so
> joined, the court shall order that the person
> be made a party.

Rule 19(b) provides that, if it is not feasible for the court to join a person meeting the requirements of Rule 19(a), the court

> shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the court include:  first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

EEOC, 400 F.3d at 779 (quoting Fed. R. Civ. P. 19(b)).  This list is not exhaustive, and the Court can consider other factors to decide whether, "in equity and good conscience," the case can proceed without the absent party.  Paiute-Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal. v. City of Los Angeles, 637 F.3d 993, 1000 (9th Cir. 2011).

The Ninth Circuit interprets Rule 19 as requiring "three successive inquiries."  Id.  "First, the court must determine whether a nonparty should be joined under Rule 19(a)."  Id.  "If the absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined."  Id.  "Finally, if joinder

7

is not feasible, the court must determine at the third stage whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." Id.

The first inquiry is "concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." Id. at 780. The Ninth Circuit says that, in determining whether a nonparty should be joined under Rule 19(a), the court uses "the term 'necessary' to describe those 'persons to be joined if feasible.'" Id. at 779 (brackets omitted).

Regarding the second inquiry, the Ninth Circuit says that "Rule 19(a) sets forth three circumstances in which joinder is not feasible:  when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." Id. (citing Fed. R. Civ. P. 19(a); Tick v. Cohen, 787 F.2d 1490, 1493 (11th Cir. 1986)).

With respect to the last inquiry of whether the case should proceed without the absentee or whether the absentee is an indispensable party such that the action must be dismissed, the Ninth Circuit states, "Rule 19 uses the word 'indispensable' only in a conclusory sense, that is, a person is 'regarded as indispensable' when he cannot be made a party and, upon consideration of the factors in Rule 19(b), it is determined that

in his absence it would be preferable to dismiss the action, rather than to retain it." EEOC, 400 F.3d at 780.

### A.      Keith Young is a Necessary Party.

In deciding whether Keith Young is a "required party" under Rule 19(a), "[t]here is no precise formula for determining whether a particular non-party is necessary to an action. 'The determination is heavily influenced by the facts and circumstances of each case.'" See Confederated Tribes of Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1498 (9th Cir. 1991) (quoting Bakia v. Cnty. of Los Angeles, 687 F.2d 299, 301 (9th Cir. 1982)).

However, the general rule "in suits respecting trust property brought either by or against trustees[, is that] the cestuis que trust [or the trust beneficiaries] as well as the trustees are necessary parties." Lucas v. Lucas, 20 Haw. 433, 441-42 (1911); Roth v. Lehmann, 741 S.W.2d 860, 862 (Mo. Ct. App. 1987) ("As a general rule in suits involving trust property both the trustees and the beneficiaries are necessary parties."). Moreover, in Walsh v. Centeio, 692 F.2d 1239, 1243 (9th Cir. 1982), the Ninth Circuit stated, "As a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets."

As discussed below, as a Trust beneficiary, Keith Young

is a necessary party because the appropriate relief in this action is equitable in nature, and would necessarily affect his relative interest in the Trust.

Mark Young appears to be seeking only money damages, ECF No. 178, PageID # 2205, and indicates that he is suing Vrechek in his individual capacity rather than in Vrechek's capacity as Trustee.  See First Amended Complaint ¶ 2, ECF No. 178, PageID # 2194.  However, a determination of whether the action is legal or equitable depends on the facts pleaded, not the relief requested.  See Van de Kamp v. Bank of Am. Nat'l Trust & Sav. Ass'n, 204 Cal. App. 3d 819, 865 (Cal. Ct. App. 1998) ("While plaintiffs sought damages, that fact by itself does not make the action one at law."); Carstens v. Cent. Nat'l Bank & Trust Co. of Des Moines, 461 N.W.2d 331, 333 (Iowa 1990) ("The fact that an action seeks monetary relief does not necessarily define the action as one at law."); Magill v. Dutchess Bank & Trust Co., 150 A.D.2d 531, 541 (N.Y. App. Div. 1989) ("A party's entitlement to demand a jury trial is dependent upon the facts pleaded, not the demand for relief.").  In other words, this court must "look at the essential nature of the cause of action, rather than solely at the remedy," to determine if a claim is legal or equitable in nature.  See Carstens, 461 N.W.2d at 333.

Notwithstanding Mark Young's prayer for only the legal remedy of money damages, it appears to this court that no damage

calculation is possible absent the equitable remedy of an accounting.  Keith Young is a necessary party in any accounting.

Traditionally, "the remedies of a beneficiary against the trustee are exclusively equitable." Jefferson Nat'l Bank of Miami Beach v. Cent. Nat'l Bank in Chicago, 700 F.2d 1143, 1149 (7th Cir. 1983) (citing Restatement (Second) of Trusts § 197 (1959)).  The only time this is not so is when "a trustee is under a duty to pay money immediately to the beneficiary." Id. In such a case, "the beneficiary can maintain an action at law against the trustee to enforce payment." Id. (quoting Restatement (Second) of Trusts § 198 (1959)).  When the trustee is under no obligation to make immediate and unconditional payment, "beneficiaries are relegated to a suit in equity, based upon a fiduciary relationship to compel the trustee to redress a breach of trust by restoring the corpus." Magill v. Dutchess Bank & Trust Co., 541 N.Y.S.2d 437, 439 (N.Y. App. Div. 1989); see also Lee v. Lee, 47 S.W.3d 767, 798 (Tex. App. 2001) ("Unless a trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary may only sue to compel the trustee to restore money to the trust.") (citing Restatement (Second) of Trusts § 198 cmt. c ("If the trustee is not under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary cannot maintain an action at law against him.")).  In that event, the claims are equitable. See

11

<u>Midwest Sec. Life Ins. Co. v. Stroup</u>, 730 N.E.2d 163, 170 (Ind. 2000) ("Under trust law, a beneficiary's suit against the trustee is viewed as an action at law only if it is for an amount due 'immediately and unconditionally.'  Otherwise, it is in the nature of an equitable claim." (internal citation omitted)); <u>see also</u> <u>Downs v. Liberty Life Assurance Co. of Boston</u>, No. Civ. A. 3:05-CV-0791R, 2005 WL 2455193, at *7 n.4 (N.D. Tex. Oct. 5, 2005) ("If the trustee is not under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary cannot maintain an action at law against him.").

As a general rule, for a trustee to be under a duty to immediately and unconditionally pay money to a beneficiary, "'the liability of the trustee must be definite and clear, with no accounting necessary to establish it.'"  <u>Id.</u> (citing <u>Van de Kamp</u>, 204 Cal. App. 3d at 864).  "An accounting is necessary where the fiduciary becomes liable for various sums of money and plaintiffs do not know what money is due them."  <u>Van de Kamp</u>, 204 Cal. App. 3d at 864.  "Where an accounting is required, the action is equitable."  <u>Id.</u>

An accounting is required in this case because the amount of Vrechek's potential liability and the monetary value of the Trust are unclear.  This court needs an accounting before it can address Mark Young's repeated allegations that Vrechek falsified the Trust's accounting records.  <u>See</u> First Amended

12

Complaint ¶¶ 27, 42, 52, 60, ECF No. 178, PageID #s 2198, 2200, 2202, 2203.  Moreover, in several documents submitted to this court, Mark Young has indicated that the dollar amount of Trust assets owed to him is uncertain.  For example, in Mark Young's proposed First Amended Complaint, attached as an exhibit to his Motion to File First Amended Complaint, he states that he "is a vested remainder beneficiary entitled to 50% of the Sharon Young Trust of what is leftover after Vrechek, Kanemitsu, Tani, and Graham's misconduct."  Proposed First Amended Complaint ¶ 197, ECF No. 86-2, PageID # 1211.

Mark Young's uncertainty regarding what he is owed arises in part from his status as a residuary beneficiary of an active Trust with various assets.  Mark Young acknowledges that he was entitled to receive 50% of his disbursement when he turned 40, in February 2012, but he is not entitled to the rest of his disbursement until he turns 45.  See First Amended Complaint ¶ 17, ECF No. 178, PageID # 2196.  To determine the precise dollar amount of Mark Young's proportional share, this court would need an accounting that reviewed the total value of the Trust because Trust assets include several real property holdings that change in value over time.  See Exhibit # 2 ¶, 79 ECF No. 86-2 PageID # 1190.

The Trust's real property holdings also raise questions about whether beneficiaries are entitled to rental income.  One

13

such holding is a six-unit apartment building allegedly divided 80-20 between the Trust and Keith Young.  Id. ¶ 79 ECF No. 86-2, PageID # 1190.  Mark Young alleges, "Vrechek failed to pay Keith Young his 20% entitlement to rents [for the six-unit building] backdating to 2004."  Id. ¶ 89 ECF No. 86-2, PageID # 1191. Assuming this allegation to be true, a determination must be made as to any Trust amount payable to Keith Young, because that amount would need to be deducted before Mark Young's entitlement could be calculated.

        The Trust is active and ongoing.  When a Trust is active and a "trustee misappropriates money which it is his duty to continue to hold in trust, the beneficiary, not being entitled to immediate payment, cannot maintain an action at law against the trustee."  Jefferson Nat. Bank of Miami Beach v. Cent. Nat. Bank in Chicago, 700 F.2d 1143, 1149 (7th Cir. 1983) (citing Restatement (Second) of Trusts § 198 cmt. d on active trusts) (italics omitted).  Instead, a beneficiary's "remedy is a suit in equity to compel the trustee to restore the money misappropriated and to hold it in trust or to pay it to a new trustee."  Id.  The "accounts of the trustee have not been settled, amounts to come may never be collected or received, and if they are, the expenses and commissions are still to be determined, and this can only be done in equity."  Dickerson v. Cent. Union Trust Co. of New York, 180 N.Y.S. 728, 730 (N.Y. Sup. App. 1920).

Here, any payment to Mark Young must be premised on an accounting, not just on a finding that Vrechek has misappropriated Trust funds. <u>Walter v. Drayson</u>, 496 F. Supp. 2d 1162, 1177 (D. Haw. 2007), <u>aff'd,</u> 538 F.3d 1244 (9th Cir. 2008) (citing <u>Van de Kamp</u>, 204 Cal. App. 3d at 864; <u>Dickerson</u>, 180 N.Y.S. at 729-30; <u>Clark</u>, 503 P.2d at 505 n. 2).  This case falls squarely within the general rule that all beneficiaries are necessary parties in suits concerning trust property.  <u>Lucas v. Lucas</u>, 20 Haw. 433, 441-42 (Haw. 1911); <u>see also</u> <u>Walsh v. Centeio</u>, 692 F.2d 1239, 1243 (9th Cir. 1982); <u>Roth v. Lehmann</u>, 741 S.W.2d 860, 862 (Mo. Ct. App. 1987).  Accordingly, Keith Young, as a co-beneficiary under the Trust, is a necessary party to this action.

### B.  **Keith Young cannot be Joined**.

Having determined that Keith Young is a "required" party, this court must decide whether his joinder is "feasible" under Rule 19.  <u>United States v. Bowen</u>, 172 F.3d 682, 688 (9th Cir. 1999); Fed. R. Civ. P. 19(a).  Keith Young cannot be joined because his presence would destroy diversity.  <u>See</u> 28 U.S.C. § 1332.  Vrechek alleges, and Mark Young does not dispute, that both Keith Young and Vrechek are citizens of Hawaii.  <u>See</u> Memorandum in Support of Motion to Dismiss, ECF No. 261-1, PageID # 3360; Mark Young's Response to Motion to Dismiss, ECF No. 267, PageID # 3784.

15

In fact, Mark Young acknowledges that "[j]oinder under Rule 19(a) is improper because it would destroy jurisdiction." Id., ECF No. 267, PageID # 3784.  In so conceding, Mark Young appears to be thinking that, if added to the suit, Keith Young would be a co-plaintiff with Mark Young, not just an interested party listed as a defendant in the same way a junior mortgagee might be a defendant in a suit brought by a lender in a foreclosure action against an allegedly defaulting borrower.  If Keith Young were listed as a co-plaintiff, there would be a Hawaii plaintiff (Keith Young) and a Hawaii defendant (Vrechek).

Indeed, Mark Young's view of Keith Young as aligned with Mark Young is supported by Keith Young's assignment to Mark Young of his right to sue.  In an assignment occurring a day after Vrechek filed the present motion, Keith Young states:

> For good and valuable consideration, the sufficiency and receipt is acknowledged, Keith Young assigns his interest in the Federal Lawsuit to Mark Young for Mark Young [sic] pursue in Mark Young's own name, so that Keith Young does not need to participate in the Federal Lawsuit.  This assignment DOES NOT include any of Keith Young's interests in the Sharon M.Y. Young Trust.

Assignment of Interest in Federal Lawsuit to Plaintiff, ECF No. 267-1, PageID # 3787.  Under these circumstances, this court agrees that Keith Young is aligned with Mark Young.  However, that alignment does not eliminate the need for Keith Young to be joined.  Under the assignment, Keith Young retains his interest

in the Trust, and that interest must be determined via an accounting before Mark Young may be awarded any damages.  The assignment therefore does not allow this court to ignore the issue of whether Keith Young should be joined.  See Cent. Paper Co. v. Southwick, 56 F.2d 593, 596 (6th Cir. 1932) (holding that jurisdiction cannot be based on assignments to plaintiff of technical legal titles to claims merely to bring suit).

The court need not here determine the purpose of the assignment.  Certainly, if the assignment was designed to create diversity jurisdiction, a court should not recognize the assignment.  See Dweck v. Japan CBM Corp., 877 F.2d 790, 792 (9th Cir. 1989) ("A party may not create diversity jurisdiction by the use of an improper or collusive assignment."); Consol. Rubber Tire Co. v. Ferguson, 183 F. 756, 758 (2d Cir. 1910) (holding that a court has a duty to dismiss or remand a suit sua sponte when it appears that a cause of action has been assigned in order to confer jurisdiction on a federal court).  The fact is that the assignment does not cover all the matters in issue.  Keith Young continues to have issues that must be addressed before consideration of any award to Mark Young, and Keith Young's inclusion in this action would destroy diversity.

### C.    Keith Young is an "Indispensable" Party.

This court turns to the issue of whether the case should proceed without Keith Young, or whether he is an

indispensable party such that his absence requires dismissal of the action.  "The inquiry is a practical one and fact specific [citation omitted] and is designed to avoid the harsh results of rigid application." Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990) (citing Eldredge v. Carpenters 46 N. Cal. Joint Apprenticeship & Training Comm., 662 F.2d 534, 537 (9th Cir. 1981)).  Rule 19(b) lists four considerations:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment; shaping the relief; or other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

This list is not exhaustive, and a court can consider other factors to decide whether, "in equity and good conscience," the case can proceed without the absent party. Paiute-Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal. v. City of Los Angeles, 637 F.3d 993, 1000 (9th Cir. 2011).  For the reasons stated below, this court determines that Keith Young is an indispensable party under Rule 19(b).

1.      **Prejudice to Absent or Existing Parties**.

The first factor under Rule 19(b) considers whether a judgment rendered in a person's absence may prejudice that person or existing parties.  Walsh v. Centeio, 692 F.2d 1239, 1243-44 (9th Cir. 1982).  This factor:

> emphasizes both the need to protect absent persons from litigation that might adversely affect their interests in the subject matter of the action and the need to protect those who are parties from the threat of multiple actions, which would involve additional expense to the litigants and to the judicial system, and would increase the possibility of inconsistent determinations.  When prejudice is found either to the existing parties or to the absentee, that indicates that dismissal may be appropriate; but the absence of prejudice suggests that the court may continue without the absent party.

7 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1608 (3d ed. 1998).

Judgment in favor of Mark Young might not prejudice the absent beneficiary, Keith Young, because, as Vrechek acknowledges, "[Keith Young's] interest in having the trust estate augmented by a judgment against Defendant Vrechek coincide[s] with the same interest of Plaintiff Young[.]" Memorandum in Support of Motion to Dismiss, at 4 n.5, ECF No. 261-1, PageID # 3362.  Thus, the granting of the relief prayed for by Mark Young could benefit Keith Young by replenishing the Trust corpus.  See Rippey v. Denver U. S. Nat. Bank, 260 F. Supp.

704, 711 (D. Colo. 1966) (finding the first factor to favor nonjoinder of necessary party because of identity of interest with existing party).

However, a judgment against Mark Young, or a judgment in Mark Young's favor less than the amount prayed for, could prejudice Keith Young if res judicata were to bar his subsequent action against Vrechek.  Under Hawaii law, "[t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided."  In re Bishop Estate, 36 Haw. 403, 416 (1943); Matter of Herbert M. Dowsett Trust, 7 Haw. 640, 644, 791 P.2d 398, 401 (Haw. Ct. App. 1990).

Although Keith Young is not a present party to this suit, res judicata could apply if he were found to be in privity with Mark Young.  Id.  Concededly, this court cannot determine at present whether Keith and Mark Young would be in privity because such a determination requires a careful analysis of the adequacy of the representation of the interests of the nonparty and "proper protection to the rights of the person sought to be bound."  Matter of Herbert M. Dowsett Trust, 7 Haw. at 646, 791

P.2d at 402.  Both determinations must be made on review of the
original proceedings.  Id.  Nonetheless, for the purposes of
analyzing this first factor under Rule 19(b), this court can, and
does, find at least potential prejudice to Keith Young's
interests.  See Takeda v. N.W. Nat'l Life Ins. Co., 765 F.2d 815,
821 (9th Cir. 1985) (a court does not have to conclusively
determine how collateral estoppel would operate in future
litigation to find prejudice under Rule 19 because it "speaks to
possible harm, not only to certain harm" (emphasis in the
original)).

There is also potential prejudice to Vrechek, who might
face multiple actions and inconsistent determinations.  7 Charles
Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1608
(3d ed. 1998).  If Vrechek were to prevail in this case, Keith
Young might later at least seek to assert these same claims.  The
privity and res judicata issues already identified would then be
relitigated.  In fact, Keith Young has previously sued Vrechek,
having earlier filed an action against Vrechek to seek an
undivided interest in certain Trust properties.  See First Motion
to Dismiss Ten Defendants and Second Motion To File Amended
Complaint, Memorandum of Law in Support of Motion ¶ 12, ECF No.
106-2, PageID # 1630.

In analyzing Rule 19(b)'s first factor, this court also
considers whether a present party can minimize potential

prejudice to an absent party by adequately representing the absent party's interest.  See Shermoen v. United States, 982 F.2d 1312, 1318 (9th Cir. 1992) (quoting Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990)) ("If a legally protected interest exists, the court must further determine whether that interest will be impaired or impeded by the suit.  Impairment may be minimized if the absent party is adequately represented in the suit.") (emphasis in the original).  To decide whether a present party can adequately represent an absent party, this court looks at whether:  (1) the interests of a present party to the suit are such that it will undoubtedly make all of the intervenor's arguments; (2) the present party is capable of and willing to make such arguments; and (3) the intervenor would not offer any necessary element to the proceedings that the other parties would neglect.  Fresno Cnty. v. Andrus, 622 F.2d 436, 438-39 (9th Cir. 1980).

Although Mark Young is a licensed attorney, it is not clear from the record that he will adequately represent Keith Young's interests.  First, Mark Young's focus has sometimes been on matters unrelated to Keith Young.  For example, Mark Young's original Complaint accused the Hawaii State judiciary of being in bed with organized crime, see Complaint ¶ 32, ECF No. 1, PageID # 7 ("Organized crime has strong connections to the Hawaii Judiciary."); alleged that a retired state judge, Bishop Estate,

22

and the court-appointed master for a probate case involving the
Trust were, along with others, guilty of felony murder, id. ¶ 91,
ECF No. 1, PageID # 17; and, based on these allegations,
requested over 1.7 billion dollars in punitive damages and
relocation of the Bishop Estate administration to his home state
of Florida.  Id., ECF No. 1, PageID # 21-22.  Buried among these
allegations were the claims against Vrechek, which were the only
ones that directly affected Keith Young.

        The court's suggestion that Mark Young's status as an
attorney may not equate with adequate representation of Keith
Young's interests finds further corroboration in subsequent
filings.  See, e.g., Minute Order, ECF No. 76 (denying Mark
Young's motion to stay this case because it lacked any colorable
reason supporting a stay); Minute Order, ECF No. 197 (terminating
objections to a Magistrate Judge's order because the relief
requested should have been sought via a motion instead of through
a "confusing appeal"); Order Denying Motion for Default Judgment,
ECF No. 234 (denying motion for default judgment because
Defendant had timely filed an answer); Order Denying Motion to
Strike Affirmative Defenses, ECF No. 240 (denying request to
strike affirmative defense of failure to join indispensable party
because it was based on Young's "respectfully disagreeing" with
the assertion of that defense, and denying request to strike
equitable defenses based on Young's mere assertion that Vrechek

23

had unclean hands); Order Affirming Magistrate Judge Order, ECF No. 280 (affirming order denying Young's request to disqualify opposing counsel because Young failed to establish the factual predicate for disqualification); ECF No. 305, PageID # 4409 (containing Mark Young's confusing statement that "Keith Young's full assignment of interest in this case are valid collection").

Mark Young has also misapplied the Federal Rules of Civil Procedure.  One example, among many, is his Request for Default Judgment, filed on September 23, 2009.  See ECF Nos. 25-28.  Mark Young argued that Defendants had not filed an Answer within 21 days after being served the Complaint and Summons.  Not only had one Defendant timely filed an Answer, see ECF No. 12, the two other Defendants had pending motions that extended their time to file responsive pleadings pursuant to Rule 12(a)(4).  See ECF Nos. 11 and 14.

Given the record in this case, the court concludes that the first factor weighs in favor of dismissal because of the potential prejudice to Keith Young and Vrechek if this case were to continue in Keith Young's absence.

### 2. Protective Provisions to Lessen or Avoid Prejudice.

Second, Rule 19(b) requires this court to consider "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be

24

lessened or avoided[.]"  Walter v. Drayson, 496 F. Supp. 2d 1162, 1173 (D. Haw. 2007), aff'd, 538 F.3d 1244 (9th Cir. 2008); Rule 19(b)(2).  As discussed above, if Vrechek were ordered to return money to the Trust corpus, that order could benefit Keith Young. In that situation, this second consideration would weigh against dismissal.

### 3.    Adequacy of Remedy without the Absent Party.

Third, Rule 19(b) requires this court to consider "whether an adequate remedy, even if not complete, can be awarded without the absent party."  Confederated Tribes of Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1499 (9th Cir. 1991); Rippey v. Denver U. S. Nat. Bank, 260 F. Supp. 704, 711 (D. Colo. 1966).  Because Keith Young's absence might not reduce the adequacy of the remedy to Mark Young, but Keith Young's absence could reduce the adequacy of a "win" to Vrechek if Vrechek were exposed to a lawsuit by Keith Young, this factor would not weigh in favor of dismissal.

### 4.    Existence of an Alternative Forum.

The fourth factor under Rule 19(b) is "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."  Lomayaktewa v. Hathaway, 520 F.2d 1324, 1326 (9th Cir. 1975).  This factor:

> looks to the practical effect of dismissal,
> that is, whether there is any assurance that
> the plaintiff, if dismissed, could sue
> effectively in another forum where better

> joinder would be possible.  Despite the
> importance of this factor, it is not alone
> dispositive of the issue of whether a court
> must dismiss an action or proceed in the
> absence of a person whose joinder is not
> feasible.

Jean F. Rydstrom, "Validity, Construction, and Application of

Rule 19(b) of Federal Rules of Civil Procedure, as Amended in

1966, Providing for Determination to be made by Court to Proceed

with or Dismiss Action when Joinder of Person Needed for Just

Adjudication is not Feasible," 21 A.L.R. Fed. 12 (1974) (internal

citations omitted).

This factor favors dismissal because Mark Young will

have an adequate alternative remedy if this case were dismissed

for nonjoinder of an "indispensable" party.  Both Mark Young and

Vrechek acknowledge their involvement in ongoing proceedings in

state probate court over the Trust.  See Defendant James Francis

Vrechek's Memorandum in Support of Motion to Dismiss for Lack of

Subject Matter Jurisdiction or to Abstain, ECF No. 288-1, PageID

# 4126-27; Plaintiff Mark Young's Supplemental Briefing [291],

ECF No. 305.  The state probate court can provide the same relief

appropriate to this action--an accounting and an order requiring

the Trustee to reimburse the Trust corpus for allegedly

misappropriated Trust money.  See Wong v. Cayetano, 111 Haw. 462,

481, 143 P.3d 1, 20 (2006); Peters v. Aipa, 118 Haw. 308, 310,

188 P.3d 822, 824 (Haw. Ct. App. 2008) (appeal of probate court

case in which petitioner requested an accounting and repayment by trustee of misappropriated trust monies).

Mark Young would likewise have an adequate forum in state court to raise the claims asserted in his First Amended Complaint for breach of fiduciary duty, negligence, gross negligence, fraud, and conversion.  See First Amended Complaint, ECF No. 178.  No party argues that the applicable limitations period for these claims has expired while the present action has been pending.  See 7 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,  Fed. Prac. & Proc. Civ. § 1608 (3d ed. 1998) (listing the statute of limitations as a factor in determining whether an adequate alternative remedy exists).

In fact, Vrechek's supplemental brief on this fourth factor of Rule 19(b) offers:

> In order to prevent unfair prejudice to Plaintiff Young, Defendant Vrechek is willing to have the dismissal of this lawsuit pursuant to F.R.C.P. Rule 19 conditioned upon the agreement of the parties that all of Plaintiff Young's claims asserted in his First Amended Complaint (ECF 178) which he promptly asserts in the pending state court probate proceeding ("the State Court Claims") will be subject to the following terms:
>
> 1.  For the purposes of determining the limitations period for the State Court Claims, Plaintiff Young will have the benefit of the same 'relation back' filing dates that would be applicable in this Court; and
>
> 2.  Defendant Vrechek will not assert a statute of limitations defense with respect to Defendant Vrechek's First

27

> through Ninth Annual Accounts for the
> years 2004 through 2012 filed in the
> Probate Court on July 9, 2013 but will
> be entitled to assert all other defenses
> to the State Court Claims that he would
> be able to assert in this Court.

Defendant James Vrechek's Supplemental Memorandum in Support of
Motion to Dismiss for Failure to Join Required Party, ECF No.
307, PageID #s 4420-21.  Relying on Vrechek's representation that
he will waive any new statute of limitations defense, this court
concludes that Mark Young will have an adequate alternative
remedy in state court, which is also a more appropriate forum
than this court because it would allow Keith Young to
participate.

Accordingly, this factor weighs in favor of dismissal.

## 5.   Other Factors.

Finally, this court considers an additional factor
raised in Provident Tradesmens Bank & Trust Co. v. Patterson, 390
U.S. 102, 111 (1968), and considered in Walsh v. Centeio, 692
F.2d 1239, 1244 (9th Cir. 1982), a case in which the Ninth
Circuit held that the district court did not abuse its discretion
when it dismissed for nonjoinder claims for removal of the
trustees, restoration of trust assets, and compensatory damages.
According to Walsh, "courts have emphasized the public interest
in preserving a fully litigated judgment, hesitating to find
absent persons indispensable when 'the time and expense of a

28

trial have already been spent.'" <u>Walsh</u>, 692 F.2d at 1244 (citing <u>Provident Tradesmens</u>, 390 U.S. at 111).  The Ninth Circuit in <u>Walsh</u> held that dismissal of the district court case was warranted because "only preliminary discovery had been undertaken and no trial date had been set.  Thus, very little duplication of effort would be necessary if the case were refiled in state court."  <u>Id.</u>

In the present case, there has been no trial, no trial date has been set, and there has been only minimal discovery. Thus, this factor also supports dismissal here, which would not undermine the public interest in preserving a fully litigated judgment.

**V.      Conclusion.**

After careful consideration of the facts, the court concludes that Keith Young is a necessary party under Rule 19(a). Because Keith Young and Vrechek are both citizens of Hawaii and would be on opposite sides, it is not feasible to join Keith Young.  His presence would clearly destroy diversity.  Pursuant to Rule 19(b), the court further determines that it cannot proceed in equity and good conscience without Keith Young's participation because of the potential prejudice to both Keith Young and Vrechek if Keith Young were not joined.

The motion is granted without a hearing pursuant to Local Rule 7.2(d), and the First Amended Complaint is dismissed.

29

The Clerk of Court is directed to enter judgment in favor of Vrechek and against Mark Young, and to close this case. All other pending motions are terminated.

IT IS SO ORDERED

DATED:  Honolulu, Hawaii, October 4, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Mark W.S. Young vs. James Francis Vrechek, Civil No. 09-00403 SOM-BMK; ORDER GRANTING JAMES VRECHEK'S MOTION TO DISMISS FOR FAILURE TO JOIN REQUIRED PARTY