IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK S. YOUNG, | ) | Civ. No. 09-00403 SOM-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | DEFENDANT'S BILL OF COSTS |
| | ) | |
| JAMES FRANCIS VRECHEK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT'S BILL OF COSTS

Before the Court is the Bill of Costs filed by Defendant James Francis Vrechek ("Vrechek"). (Doc. 335.) After careful consideration of the Bill of Costs and the opposing memorandum, the Court finds and recommends that the Bill of Costs be GRANTED. As discussed in detail below, the Court recommends that Vrechek be awarded $1,124.10 in costs.

DISCUSSION

Federal Rules of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Local Rules provide that "[t]he party entitled to costs shall be the

prevailing party in whose favor judgment is entered." Local Rule 54.2(a). On October 7, 2013, Judge Susan Oki Mollway entered an Order Granting Defendant's Motion to Dismiss and Judgment in favor of Vrechek. (Docs. 332, 333.)   Accordingly, Vrechek is the prevailing party.

28 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Fed. R. Civ. P. Rule 54(d).  See Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 176 (9th Cir.1990). Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Vrechek's Bill of Costs includes three items: 1) the court reporter's fee for the deposition transcript of Plaintiff Mark Young ("Young") - $733.50; 2) the cost of printing the original pleadings filed by Vrechek - $130.20; and 3) the cost of the Court's two courtesy copies of the pleadings - $260.40.  These three

items amount to a total of $1,124.10.  All of these costs are taxable under 28 U.S.C. § 1920.

Young's Objection to the Bill of Costs contests the merits of Judge Mollway's Order and the entry of Judgment against him, but contains no specific objections to Vrechek's Bill of Costs.  As stated above, Vrechek is the prevailing party, and the costs requested are authorized by law.  Accordingly, the Court finds and recommends that Vrechek's Bill of Costs be granted in its entirety.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that Defendant's Bill of Costs (Doc. 335) be GRANTED.  Specifically, the Court recommends that Vrechek be awarded $1,124.10 in costs.

Any Objection to this Findings and Recommendation shall be filed in accordance with this Court's Local Rules and other applicable law.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 1, 2013.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Mark W.S. Young v. James Francis Vrechek, Civ. No. 09-00403 SOM-BMK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S BILL OF COSTS.